Merrimack
No. 7652

STATE OF NEW HAMPSHIRE

v.

GARY FARROW

December 7, 1976

*David H. Souter,* attorney general, *Edward A. Haffer,* assistant attorney general, *Peter W. Heed,* attorney, and *Anne E. Cagwin, Deborah J. Cooper and David W. Marshall,* attorneys *(Mr. Haffer* orally), for the State.

*Ernest T. Smith III* and *Russell F. Hilliard (Mr. Hilliard* orally) for the defendant.

*Carroll F. Jones,* guardian ad litem, by brief and orally, for certain witnesses.

*Gallagher, Callahan & Gartrell and Edward E. Shumaker III (Mr. Shumaker* orally) for the Central New Hampshire Community Mental Health Services Inc., intervenor.

*Cleveland, Waters & Bass (Mr. Warren E. Waters* orally) for Concord Hospital, intervenor.

*Sulloway, Hollis, Godfrey & Soden* and *John C. Ransmeier (Mr. Ransmeier* orally) for New Hampshire Medical Association as amicus curiae.

PER CURIAM. The Trial Court *(Johnson,* J.), without objection by the defense or the prosecution, suspended the trial of this murder case and transferred certain questions to this court. These questions primarily raise the issue of the extent to which certain doctor-psychologist patient privileges of certain witnesses for the State must give way to the defendant's sixth amendment right to confrontation for the purpose of cross-examination and impeachment. Briefs were submitted and oral arguments were heard this date. Due to the exigency of the situation we are rendering the following opinion forthwith.

It is a question for the trial court to determine whether a particular witness is competent to testify, *State v. Keyes,* 114 N.H. 487, 322 A.2d 615 (1974), and whether that witness is competent to waive the statutory privilege created by RSA 329:26 (Supp. 1975) and RSA 330-A:19.

These privileges are confined to confidential relations and communications between physicians, surgeons and psychologists and their patients. If a witness, found competent to testify by the trial court, is either found incompetent to waive his privileges under the aforementioned statutes, or if competent refuses to do

so, we are then faced with the question whether the defendant's sixth amendment right to confrontation entitles him to have access to and to use information which falls within the scope of these privileges for the purpose of cross-examination and impeachment.

Defendant and the State rely upon *Davis v. Alaska,* 415 U.S. 308 (1974), where it was held that, in the circumstances of that case, the defendant was entitled to cross-examine a witness regarding his juvenile record contrary to a statute protecting the anonymity of juvenile offenders. In our opinion, however, that case does not give the defendant a right to the blanket use of privileged information. In this connection see the concurring opinion of Mr. Justice Stewart in *Davis v. Alaska, supra* at 321, which reads in part as follows: "In joining the Court's opinion, I would emphasize that the Court neither holds nor suggests that the Constitution confers a right in every case to impeach the general credibility of a witness through cross-examination about his past delinquency adjudications or criminal convictions."

We hold that the defendant's right is limited to the use of such materials as are found to be essential and reasonably necessary to permit counsel adequately to cross-examine for the purpose of showing unreliability or bias. To prevent abuse and to protect the witnesses from unnecessary embarrassment the trial court should examine with counsel the records and other materials in question and determine what parts, if any, the defendant will be permitted to use.

In order to permit the trial to continue without delay, we are limiting our consideration of the questions transferred to the foregoing opinion.

*Remanded.*