143 Wis.2d 508 (1988)
422 N.W.2d 142
IN the INTEREST OF K.K.C., K.M., S.M., T.C., D.L.W., and B.W.: ROCK COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant,
v.
Richard R. DeLEU, Respondent.
IN the INTEREST OF R.M.L., a person under the age of 18: R.M.L., Appellant,
v.
Richard R. DeLEU, Respondent.
Nos. 87-0266, 87-0334.
Court of Appeals of Wisconsin
Submitted on briefs January 21, 1988.
Decided February 18, 1988.
*509 For the appellant the cause was submitted on the briefs of David Heitzman of Janesville, and Jerome M. Elliott, of Beloit.
For the respondent the cause was submitted on the brief of Richard D. Martin, assistant state public defender.
Before Gartzke, P.J., Eich and Sundby, JJ.
SUNDBY, J.
The Rock County Department of Social Services appeals orders requiring that it deliver all of its files concerning seven juveniles to the trial judge in two criminal prosecutions in which Richard R. DeLeu, Jr., is charged with sexually assaulting the juveniles. The orders require the trial judge in the criminal cases to review the files in camera to determine what portions of such files should be released to DeLeu for his use in defense against the criminal charges. We conclude that sec. 48.78(2)(a), Stats., requires that the juvenile court, not the criminal court, exercise its discretion to determine whether the confidential records of the department shall be disclosed or made available for inspection. We therefore reverse.
Section 48.78(2)(a), Stats., provides:
No agency may make available for inspection or disclose the contents of any record kept or information received about an individual in its care or legal custody, except as provided under sub.

*510 (3) or s. 48.432, 48.433, 48.93, or 48.981(7) or by order of the court. (Emphasis added.)
The parties agree that "the court" as used in sec. 48.78(2)(a), Stats., refers to the juvenile court. Section 48.02(2m) provides: "'Court,' when used without further qualification, means the court assigned to exercise jurisdiction under this chapter." The parties also agree that an order of the juvenile court under sec. 48.78(2)(a) is discretionary.
DeLeu argues that the juvenile courts exercised their discretion when they ordered the department to deliver its files to the criminal trial judge to make the in camera review. He claims that the juvenile courts considered the interest of the juveniles and the public in maintaining the confidentiality of the records, DeLeu's interest in a fair trial, and the ability of the criminal trial judge to recognize information relevant to DeLeu's defense. DeLeu contends that the judge who will preside over his criminal trials is in a better position than are the juvenile court judges to balance the competing interests of confidentiality and disclosure.
[1]
"Discretion" contemplates a process of reasoning which yields a conclusion based on logic and founded upon proper legal standards. Marriage of Mathewson v. Mathewson, 135 Wis. 2d 411, 416, 400 N.W.2d 485, 487 (Ct. App. 1986). Discretion does not contemplate that a court will delegate to another court the necessary process of reasoning.
[2]
We conclude that the juvenile courts did not exercise their discretion under sec. 48.78(2)(a), Stats. By ordering the department to deliver its files to the *511 criminal trial judge for that judge to determine which, if any, of the agency's files would be disclosed to DeLeu or made available for his inspection, the juvenile courts delegated the exercise of their discretion. Since the juvenile courts failed to exercise their discretion, the orders must be reversed.
DeLeu contends that if the trial judge in his criminal cases does not review the agency's files, he will be denied his constitutional rights to confrontation, compulsory process and due process. Pennsylvania v. Ritchie, 480 U.S. , 94 L. Ed. 2d 40 (1987). Ritchie holds that a criminal defendant is entitled to an in camera review by the trial court of confidential records if those records are material to the defendant's defense. Id. at , 94 L. Ed. 2d at 59.
DeLeu has not moved the trial court in his criminal cases to make an in camera review of the agency records. If he does so, Ritchie, supra, establishes that he is entitled to such a review by the trial court, provided he makes a preliminary showing that the files contain evidence material to his defense.
DeLeu's motion at present is directed to the juvenile court under sec. 48.78(2)(a), Stats. Only the juvenile court may issue an inspection or disclosure order under that section.
By the Court.Orders reversed.