UNITED STATES of America,

v.

**Giuseppe GAMBINO, et al., Defendants.**

**No. 7 "S" 88 Cr. 919 (PKL).**

United States District Court,
S.D. New York.

May 2, 1990.

Fran Fragos, U.S. Atty., Andrew McCarthy, U.S. Attys. Office, New York City, for U.S.

Martin G. Fogelson, New York City, (Court-appointed), for Emanuele Adamita.

James Culleton, Culleton & Marinaccio, Bronx, N.Y., (Court-appointed), for Salvatore Candela.

Thomas D. White, New York City, (Court-appointed), for Francesco Cipriano.

Martin Geduldig, Hicksville, N.Y., (Court-appointed), for Giuseppe D'Amico.

Martin Goldberg, Franklin Square, N.Y., (Court-appointed), for Salvatore D'Amico.

Michael Rosen, New York City, for Giovanni Gambino.

Bruce Cutler and Edward S. Panzer, New York City, for Giuseppe Gambino.

Wesley M. Serra, Brown, Berne & Serra, Bronx, N.Y., (Court-appointed), for Carmelo Guarnera.

Ira J. Friedman, Brooklyn, N.Y., for Francesco Inzerillo.

Mitchell A. Golub, Golub & Dunn, New York City, (Court-appointed), for Joseph LaRosa.

Jacob R. Evseroff, Brooklyn, N.Y., for Salvatore Lobuglio.

Charles Carnesi and John Apicella, Brooklyn, N.Y., for Lorenzo Mannino.

Philip R. Edelbaum, New York City, (Court-appointed), for Matteo Romano.

## MEMORANDUM ORDER

LEISURE, District Judge:

On April 11, 1990, the Court issued a Memorandum Order (the "April 11 Order") quashing a subpoena served by defendant Giuseppe Gambino ("Gambino") on Dennis M. Culnan ("Culnan"), a reporter for the *New Jersey Courier Post.* In support of his subpoena, defendant Gambino had alleged that Culnan possessed information tending to show that electronic surveillance conducted by the government at the Caffe Giardino was illegal. Although the Court ruled in the April 11 Order that Gambino had not made the required showing to compel the testimony of Culnan, or the production of Culnan's notes to Gambino,[1] the Court ruled that an *in camera* inspection of Culnan's notes was appropriate. The Court stated that "an *in camera* inspection would best satisfy the competing concerns for protecting the work product of journalists against public disclosure, and developing the facts relevant to Gambino's suppression motion." April 11 Order, at 5–6. On April 17, 1990, Culnan filed a motion for reargument of the Court's order for an *in camera* inspection pursuant to Local Rule 3(j). Gambino filed a cross-motion for reargument, alleging that the Court should not have quashed the subpoena in the April 11 Order, and, in the alternative, that Culnan should be required to be present for questioning by the Court when the *in camera* inspection took place.

---

1. To overcome the first amendment privilege, a party attempting to subpoena the notes or testimony of a journalist must show that the information sought is "highly material or relevant, necessary or critical to the maintenance of the claim, and not obtainable from other sources." *United States v. Burke,* 700 F.2d 70, 77 (2d Cir.1983).

**414**

■ In general, motions for reargument will be granted only if the Court overlooked "matters or controlling decisions" which, if considered by the Court, would have mandated a different result. *See Litton Industries Inc. v. Lehman Brothers Kuhn Loeb Inc.*, 1989 WL 162315, 1989 U.S. Dist. LEXIS 9145, at 9–10 (S.D.N.Y. 1989); *Moll v. U.S. Life*, 700 F.Supp. 1284, 1286 (S.D.N.Y.1988) (Leisure, J.); *Bozsi Limited Partnership v. Lynott*, 676 F.Supp. 505, 509 (S.D.N.Y.1987). The interest of courts in the finality of their decisions is important, yet it is clear that "the 'law of the case' does not rigidly bind a court to its former decisions, but is addressed only to its good sense." *Higgins v. California Prune & Apricot Grower, Inc.*, 3 F.2d 896, 898 (2d Cir.1924) (Hand, L., J.). If a court believes a prior ruling to be incorrect, the only just and sensible course is to change the prior ruling and proceed with the litigation.

On April 19, 1990, the Court issued an Order and Opinion 734 F.Supp. 1084, denying Gambino's motion to suppress the fruits of electronic surveillance at the Caffe Giardino (the "April 19 Opinion"). Though Culnan's motion for reargument with regard to the April 11 Order had been filed by that time, the Court did not want to delay issuance of the April 19 Opinion due to the upcoming trial date of certain of Gambino's co-defendants who had joined in his suppression motion. The Court stated that it would modify the April 19 Opinion if the *in camera* inspection went forward and probative evidence was discovered in Culnan's notes. *See* April 19 Opinion, 734 F.Supp. at 1089 n. 4.

The holding and reasoning of the Court's April 19 Opinion is central to consideration of the pending motion for reargument. In the April 19 Opinion, the Court ruled that confidential informant William Kane's involvement in the installation and maintenance of surveillance devices in the Caffe was not illegal under either Title III or the U.S. Constitution. April 19 Opinion, 734 F.Supp. at 1088–93. The Court also held that Gambino had not shown that unauthorized electronic surveillance had taken place in the Caffe prior to March 1988, and that, in any case, there was no evidence whatsoever of a lack of good faith on the part of the government in executing the authorization orders necessary for suppression pursuant to *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677

(1984). April 19 Opinion, 734 F.Supp. at 1095–97. In a footnote, the Court stated that its specific interest in Culnan's notes was to verify whether electronic surveillance took place at the Caffe Giardino prior to March 1988, the date of Judge Costantino's initial authorization order. April 19 Opinion, 734 F.Supp. at 1089 n. 4.

Culnan makes two basic arguments in support of his motion for reargument. First, he claims that the April 11 Order is self-contradictory, as it holds on the one hand that Gambino did not make the required showing of materiality needed to enforce his subpoena *ad testificandum* and *duces tecum*, and on the other hand, it holds that an *in camera* inspection of Culnan's notes is warranted. Second, Culnan argues that the holding and reasoning of the Court's April 19 Opinion, rendered after the decision to conduct an *in camera* inspection, vitiates any need for further factual discovery into his notes. Each argument will be considered in turn.

■ Culnan's first argument is premised on the assumption that the showings required to enforce a subpoena *ad testificandum* and *duces tecum* against a journalist, and to order an *in camera* inspection of a journalist's notes, are similar. It is not necessary to discuss this point in detail or to make a formal ruling, as the Court finds that Culnan's second argument is meritorious. The Court does believe, however, that *in camera* inspections provide a useful intermediate step between full disclosure and total nondisclosure. The Court does not doubt the chilling effects created by the potential for *in camera* inspections. However, that effect must by necessity be less than created by full disclosure. At the same time, the Court can gain valuable factual information which may bear on a criminal defendant's guilt or innocence. The privilege must be carved with a mind to competing policy interests in order to remain a realistic and respected rule of law.

■ Culnan's second argument is meritorious. The Court has stated that its only interest in Culnan's notes at this time is to determine whether unauthorized bugging took place at the Caffe Giardino prior to March 1988. *See* April 19 Opinion, 734 F.Supp. at 1089 n. 4. After full reflection on the factual and legal issues before it, however, the Court determined in the April 19 Opinion that Gambino had put forward

no evidence that government agents executed Judge Costantino's authorization orders without a good faith reliance on their validity. Such a showing would be necessary for suppression of the intercepted conversations pursuant to *United States v. Leon, supra,* 468 U.S. 897, 104 S.Ct. 3405.

It is certain that "some threshold showing of materiality, relevance, and necessity should be required [before conducting an *in camera* review]," *New York Times Co. v. Jascalevich,* 439 U.S. 1331, 1335, 99 S.Ct. 11, 14, 58 L.Ed.2d 38 (1978) (citations omitted). The Court's partial reliance on *United States v. Leon* in the April 19 Opinion has raised and broadened the threshold of materiality needed to justify an *in camera* inspection of Culnan's notes. As the Court held in the April 19 Opinion, Gambino's theory of a government scheme actively to mislead Judge Costantino as to prior electronic surveillance at the Caffe Giardino is not borne out by any credible facts before the Court. April 19 Opinion, 734 F.Supp. at 1096–97. In reconsidering the April 11 Order in light of the final holding and reasoning of the April 19 Opinion, the Court does not believe that any such facts would be found in Culnan's notes. The Court hereby grants Culnan's motion for reargument, and vacates the portions of the April 11 Order which required an *in camera* inspection.

Gambino's motion for reargument must be denied. No new assertions of fact or law have been placed before the Court which mandate a detailed reconsideration of the April 11 Order. Based on the April 11 Order, the April 19 Opinion, and the reasoning of this Memorandum Order, the Court hereby reaffirms its decision to quash the subpoena *ad testificandum* and *duces tecum* served by Gambino on Culnan.

### CONCLUSION

Culnan's motion for reargument is granted. The portions of the Court's April 11, 1990 Memorandum Order requiring an *in camera* inspection of any and all of Culnan's notes regarding electronic surveillance at the Caffe Giardino is vacated. Gambino's cross-motion for reargument is denied.

SO ORDERED