Merrimack
No. 91-359

### THE STATE OF NEW HAMPSHIRE

v.

### DENIS GAGNE

August 14, 1992

102

*John P. Arnold*, attorney general (*Ward E. Scott*, attorney, on the brief, and *John A. Stephen*, assistant attorney general, orally), for the State.

*W. Kirk Abbott, Jr.*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

JOHNSON, J. The defendant, Denis Gagne, was convicted by a jury of aggravated felonious sexual assault, RSA 632-A:2. On appeal, he contends that the Superior Court (*Mohl*, J.) violated his due process rights under part I, article 15 of the State Constitution and the fourteenth amendment to the Federal Constitution when it refused to conduct an *in camera* review of confidential records in the possession of the New Hampshire Division for Children and Youth Services (DCYS). We remand for further proceedings in accordance with this opinion.

The defendant was found guilty of having coerced two minor girls into engaging in fellatio with him in September 1989. The DCYS conducted an investigation pursuant to an abuse and neglect

action against the defendant prior to the trial. The DCYS's entire investigatory file is confidential under the Child Protection Act, *see* RSA 169-C:25, III (Supp. 1991), and any counseling and medical records contained therein are also subject to a limited privilege, *see* N.H. R. EV. 503; RSA 330-A:19 (Supp. 1991) (psychologist-patient privilege); RSA 329:26 (Supp. 1991) (physician-patient privilege). Thus, neither the prosecution nor the defendant had access to the DCYS file.

The defendant filed a pretrial motion for discovery requesting, among other things, "[a]ny and all statements of witnesses, reports, and records, in the custody of the [DCYS] . . . and [a]ny and all reports or results . . . of any psychiatric or psychological examination of the alleged victims in this case." The defendant contended that such material was "necessary for counsel to adequately and effectively prepare to confront and cross-examine the witnesses" and was "relevant to the credibility, reliability, bias or motive of any witness the State may call."

The trial court conducted a hearing on the merits of the defendant's discovery motion. At the hearing, the victims' guardians ad litem asserted the statutory privilege with regard to the materials contained in the DCYS file but did not object to submitting such materials under seal to the trial court for an *in camera* inspection. The defendant argued that the DCYS file was "relevant and necessary to the preparation of trial in this case." Specifically, defense counsel contended that, based on information obtained during the course of her investigation, she had reason to believe that the file contained information potentially explaining the following matters: (1) why one of the victims was taken into protective custody when the defendant was arrested; (2) whether contradictions existed in statements made by one of the victim's mothers against the defendant; (3) whether "ongoing statements" made by one of the victims regarding the sexual assault contained inconsistencies which could be used for impeachment; (4) whether one of the victims had been sexually abused by other adults and thereby had "knowledge that the average six or seven-year-old would not have"; and (5) the extent to which DCYS counselors had prepared the victims for trial.

The trial court denied the defendant access to any materials contained in the DCYS file except for "statements [made] by the minor victims." The court also refused to review the file *in camera* in the following order:

> "Defendant must make a showing that the confidential files and information regarding the victims are essential and

reasonably necessary to his defense in this case. *State v. Farrow*, 116 N.H. 731, 733 (1976). Moreover, such a showing is required to warrant the Court's conducting an *in camera* review of the records. *State v. Lewis*, 129 N.H. 787, 799 (1987).

Defendant takes the position that there *may* be information that is important to his defense of the charges against him, or that the requested records may lead to exculpatory evidence. At a minimum, defendant contends the Court must review the material *in camera*. However, apart from the generalized assertion of relevance and materiality in the defendant's motion and in argument on the motion, the defendant does not provide the Court with specific reasons why the otherwise privileged material is necessary for his defense."

The defendant appeals from this order, arguing that his due process rights were violated. He claims that *Farrow's* "essential and reasonably necessary" standard is too demanding for purposes of triggering an *in camera* review.

■ There are two distinct issues involved in a case where a defendant desires to obtain privileged information. The issues, however, are intertwined. The first issue is what showing must the defendant make to the trial court in order *to obtain a review* of the privileged information. The second issue is what showing must the defendant make in order *to use* the privileged information in the actual trial of his case, assuming the review of the privileged information has revealed evidence that could be potentially useful.

■ Turning to the second issue, we held in *State v. Farrow*, 116 N.H. 731, 366 A.2d 1177 (1976), that under the sixth amendment to the Federal Constitution, the trial court must permit defendants *to use* privileged material if such material is "essential and reasonably necessary to permit counsel to adequately cross-examine for the purpose of showing unreliability and bias." *Id.* at 733, 366 A.2d at 1179. In *State v. Lewis*, 129 N.H. 787, 533 A.2d 358 (1987), the defendant sought privileged information concerning the victim's homosexuality. The defendant, during trial, had described a non-aggressive homosexual advance by the victim prior to the victim being murdered. The State *never* disputed the defendant's account; therefore, the fact that the victim was a homosexual was not a fact in dispute. Hence, we held that the trial court's refusal to permit the

review of the victim's medical records was proper, "when, as here, there is no basis to infer that the records were 'essential and reasonably necessary' to corroborate testimony on an issue in dispute." *Id.* at 799, 533 A.2d at 365–66 (citing *State v. Farrow supra*). In short, there was no dispute in *Lewis* that the victim was a homosexual; thus, the victim's records would not reveal facts *for use* at trial that could aid the defendant in his defense.

As to the first issue, the defendant relies primarily on *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987), a case remarkably similar to the case before us. In *Ritchie*, the United States Supreme Court held that, under the due process clause of the fourteenth amendment, the defendant was entitled to have the trial court conduct a preliminary review of a Pennsylvania child welfare agency's investigatory records. The agency's records, referred to as the "CYS file," like those of the DCYS in this case, were subject to a limited statutory privilege. *See* 23 PA. CONS. STAT. ANN. § 6339. The Court, balancing the State's interest in protecting confidential information against the defendant's interest in obtaining potentially helpful evidence, stated that "[a]n *in camera* review by the trial court will serve [the defendant's] interest without destroying the [State's] need to protect the confidentiality of those involved in child-abuse investigations." *Ritchie, supra* at 61. Prior to judicial review, the Court reasoned, "it is impossible to say whether any information in the [agency's] records may be relevant to [the defendant's] claim of innocence, because neither the prosecution nor defense counsel has seen the information, and the trial judge . . . had not reviewed the full file."

 We agree that due process considerations require trial courts to balance the State's interest in protecting the confidentiality of child abuse records against the defendant's right to obtain evidence helpful to his defense. An *in camera* review of such records provides a "useful intermediate step between full disclosure and total nondisclosure." *United States v. Gambino*, 741 F. Supp. 412, 414 (S.D.N.Y. 1990). In determining whether an *in camera* review is warranted, however, trial courts cannot realistically expect defendants to articulate the precise nature of the confidential records without having prior access to them. Thus, we hold that in order to trigger an *in camera* review of confidential or privileged records, the defendant must establish a reasonable probability that the records contain information that is material and relevant to his defense.

This approach is similar to the approaches taken by other courts in the wake of *Ritchie. See, e.g., State v. Howard*, 221 Conn. 447, —, 604

A.2d 1294, 1300 (1992) (defendant must show "reasonable ground to believe" that failure to produce records may impair ability to impeach witness); *Stripling v. State*, 401 S.E.2d 500, 505 (Ga.) (defendant must make "reasonably specific request for relevant and competent information"), *cert. denied*, — U.S. —, 112 S. Ct. 593 (1991); *People v. Votava*, 223 Ill. App. 3d 58, —, 584 N.E.2d 980, 992 (1991) (defendant must "sufficiently demonstrate that the requested records are material and relevant to the witness's credibility"); *State v. Hutchinson*, 597 A.2d 1344, 1347 (Me. 1991) (court must find that records "may be necessary for the determination of any issue" before the court); *Zaal v. State*, 326 Md. 54, 82, 602 A.2d 1247, 1261 (1992) (defendant must show "some relationship . . . between the charges, the information sought, and the likelihood that relevant information will be obtained as a result of reviewing the records"); *Commonwealth v. Jones*, 404 Mass. 339, 343–44, 535 N.E.2d 221, 224 (1988) (defendant must "demonstrate a realistic and substantial possibility that [records] contained information helpful to his defense"); *People v. Arnold*, 177 A.D.2d 633, —, 576 N.Y.S.2d 339, 340 (1991) (defendant must establish "reasonable likelihood that the records might contain material bearing on the reliability and accuracy of the witness's testimony . . . ."); *In Interest of K.K.C.*, 143 Wis. 2d 508, 511, 422 N.W.2d 142, 144 (1988) (defendant must "make[ ] a preliminary showing that the files contain evidence material to his defense").

■ Applying the *Ritchie* principles to the arguments presented at the discovery hearing in this case, we find that defense counsel established a reasonable probability that the DCYS file contained information that may have been material and relevant to the defense. As noted earlier, counsel made five specific arguments concerning relevant evidence which, according to information obtained independently by counsel, may have been contained in the DCYS file.

■■ We remand so that the trial court may conduct an *in camera* review of the DCYS file. As in *Ritchie*, and under the particular facts of this case, the *in camera* review shall be made without the presence of counsel, since counsel for the defendant need not be present to assist the trial court in "recogniz[ing] exculpatory evidence," and there is a danger that the names of persons who have spoken to the DCYS in confidence will be disclosed. *Ritchie, supra* at 60–61. If the trial court discovers evidence that the defendant could have used at trial which would have been "essential and reasonably necessary" to the defense, it should order a new trial unless the

court finds the error, of not admitting the evidence, was in fact harmless beyond a reasonable doubt.

*Remanded.*

All concurred.