Ellsworth v. Cunningham          CV-99-132-JD  04/24/00
                    UNITED STATES DISTRICT COURT FOR THE
                         DISTRICT OF NEW HAMPSHIRE


Raymond Ellsworth

      v.                                 Civil No. 99-132-JD
                                         Opinion No. 2000 DNH 098
Michael Cunningham, Warden,
N.H. State Prison and
Philip T. McLaughlin,
Attorney General


                              O R D E R


     The respondents move to dismiss the petition for habeas

corpus relief filed by Raymond Ellsworth, asserting that the

petitioner's third claim for relief was not exhausted in the

state courts.  In particular, the respondents contend that the

petitioner failed to raise federal grounds, as to that claim, in

his appeal to the New Hampshire Supreme Court.  The petitioner

objects, contending that the court was sufficiently notified of

the federal nature of his claim to satisfy the exhaustion

requirement.

     As a prerequisite for habeas relief in federal court, an

applicant must exhaust the remedies available in state court as

to each claim for relief.  See 28 U.S.C.A. § 2254(b)(1);

O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  "To satisfy

the exhaustion requirement, a petitioner must present the federal

claim fairly and recognizably."  Casella v. Clemons,

\_\_\_ F.3d \_\_\_, 2000 WL 287280 at \*2 (1st Cir. March 22, 2000). The test for whether a petitioner's claims have been exhausted is substantive: "was the claim presented in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question?" Scarpa v. Dubois, 38 F.3d 1, 6 (1st Cir. 1994).

A petitioner is deemed to have satisfied the exhaustion requirement in state court proceedings by:

(1) citing a specific provision of the Constitution;
(2) presenting the substance of a federal constitutional claim in such manner that it likely alerted the state court to the claim's federal nature;
(3) reliance on federal constitutional precedents; and
(4) claiming a particular right specifically guaranteed by the Constitution.

Gagne v. Fair, 835 F.2d 6, 7 (1st Cir. 1987). In applying the guidelines, the court must also determine whether the federal claim was presented with sufficient specificity to constitute a fair presentation. See Nadworny v. Fair, 872 F.2d 1093, 1097-98 (1st Cir. 1989). While some flexibility is apparent in the exhaustion guidelines, the essential question is whether a "reasonable jurist would have discerned the federal question from a perusal of the petitioner's relevant state-court filings" in the specific context of each case. Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997).

2

In this case, the petitioner's third claim in support of

habeas relief states:

> The state court's refusal to provide Ellsworth with
> (a) Blake's therapy notes, (b) Montrose's Spaulding
> disciplinary/behavioral records, (c) records concerning
> Montrose's prior sexual victimization and treatment
> maintained by Spaulding, DCYF, Dr. Spencer and others,
> and (d) the critical incident report concerning
> Montrose's return to Spaulding on the day of one of the
> alleged assaults is contrary to <u>and</u> involved an
> unreasonable interpretation of the Supreme Court's
> decision in <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39, 107
> S.Ct. 989 (1987).  Accordingly, Ellsworth was convicted
> in violation of the due process clause of the
> Fourteenth Amendment.

Petition at 20, ¶ 84 (document no. 1).  In his direct appeal to

the New Hampshire Supreme Court, Ellsworth raised the following

questions that are related to claim three in his petition:

> 3.  Should the trial court have found that (a) the
> due process clauses of the State and National
> Constitutions, and (b) Superior Court Rule 99 entitled
> the defendant to discovery of an incident report
> concerning the complainant's early return to his
> residential school on the day of one of the alleged
> sexual assaults?
>
> 4.  Should the trial court have found that (a) the
> due process clauses of the State and National
> Constitutions, and (b) Superior Court Rule 99 entitled
> the defendant to discovery of notes kept by the
> complainant's therapist concerning the complainant's
> initial accusation against the defendant when: [grounds
> for seeking notes omitted]
>
> 5.  Should the trial court have found that (a) the
> due process clauses of the State and National
> Constitutions, and (b) Superior Court Rule 99 entitled
> the defendant to discovery of records relating to the

3

complainant's prior sexual victimization by a person other than the defendant?

6. Should the trial court have found that (a) the due process clauses of the State and National Constitutions, and (b) Superior Court Rule 99 entitled the defendant to discovery of records concerning the complainant's course of treatment for his prior sexual victimization (which might explain the complainant's knowledge of sexual facts)?

7. Should the trial court have found that (a) the due process clauses of the State and National Constitutions, (b) Superior Court Rule 99 entitled the defendant to discovery of the complainant's disciplinary records at the residential placement where the defendant was employed?

Notice of Appeal at 6-7. In support of each of the quoted questions, Ellsworth cited Pennsylvania v. Ritchie, 480 U.S. 39 (1987), along with New Hampshire cases. Therefore, Ellsworth both cited the due process clause of the federal constitution and relied on federal constitutional precedent.[1]

In his brief in support of his appeal to the supreme court,

---

[1]The respondents do not address Ellsworth's notice of appeal, but instead argue that he failed to present the federal claim in his brief. Despite the supreme court's blanket ruling that these claims and others ("a laundry list of complaints regarding the trial court's other discovery rulings") were "without merit and do not warrant further discussion," Ellsworth did not waive the claims by failing to adequately brief them. State v. Ellsworth, 142 N.H. 710, 720 (1998). But cf. State v. Hoag, 2000 WL 354190 at *4 (N.H. Apr. 7, 2000) ("Any remaining issues raised in the notice of appeal but not briefed are waived.")

Ellsworth argued that the trial court erred in refusing to disclose the cited materials due to an incorrect legal standard or an abuse of its discretion. Ellsworth relied on the legal standard in State v. Gagne, 136 N.H. 101, 105 (1992). In Gagne, the defendant contended that the trial court violated his state and federal rights to due process by refusing to conduct an in camera review of certain privileged documents. See id. at 102. The supreme court identified two issues related to the defendant's request for privileged materials: the showing necessary to obtain review of privileged materials in discovery, raising fourteenth amendment due process issues; and the showing necessary to use the information at trial, raising sixth amendment issues. See id. at 104. The court analyzed both issues in the context of federal law without reference to state constitutional issues. See id. at 104-05. Cf. State v. Ball, 124 N.H. 226, 232-33 (1983) (discussing the supreme court's obligation to review state constitutional issues separate from federal constitutional issues).

Ellsworth's reliance on Gagne in support of his federal due process right to discover the privileged materials presented a federal right through state court analysis. While that may be a less obvious, and therefore risky, means of presenting a federal constitutional issue in state court, reliance on state

5

construction of federal law may still adequately present the federal nature of the issue to the court. <u>See</u> <u>Nadworny</u>, 872 F.2d at 1099. Despite the supreme court's lack of analysis of the issues Ellsworth raised, the federal nature of the issue is unmistakable in <u>Gagne</u>. The court is satisfied that a reasonable jurist would have been placed on notice of the federal due process question raised by Ellsworth based on the notice of appeal and the argument made in the brief, even if the citations to federal authority in the notice of appeal were not considered.

## Conclusion

For the foregoing reasons, the respondents' motion to dismiss (document no. 21) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

April 24, 2000

cc: Andrew R. Schulman, Esquire
    Richard J. Lehmann, Esquire

6