**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0744, <u>State of New Hampshire v. Isaac Jaillet</u>, the court on March 31, 2016, issued the following order:**

Having considered the briefs and oral arguments of the parties and the record submitted on appeal, the court concludes that a formal written opinion is unnecessary in the case.

Following a jury trial in Superior Court (<u>Delker</u>, J.), the defendant, Isaac Jaillet, was convicted of two counts of criminal threatening, <u>see</u> RSA 631:4, I(d) (2007), and five counts of simple assault, <u>see</u> RSA 631:2-a (2007). On appeal, he argues that the trial court erred in failing to disclose any information after conducting an <u>in camera</u> review of certain of the victim's counseling records. We affirm.

The details of this case need not be set forth; it is sufficient to examine only those circumstances that surround the defendant's appeal. <u>See</u> <u>State v. King</u>, 162 N.H. 629, 630 (2011).

Prior to trial, the defendant filed a motion for <u>in camera</u> review of certain of the victim's counseling records. He contended that, based upon information contained in discovery, the victim's counseling records may contain: (1) exculpatory evidence; (2) inconsistent statements; (3) information relative to the victim's motive to fabricate; and (4) an explanation for the victim's decision to pursue charges and make additional accusations against the defendant, both of which occurred only after she participated in counseling.

The trial court granted the defendant's motion. In its order, the court explained:

> When dealing with discovery issues relating to confidential records in a criminal case, there is a two-prong approach to the issue. First, the Court must evaluate whether it is appropriate to even order an <u>in camera</u> review of the documents. With respect to this prong of the test, "the defendant must first show a reasonable probability that the records contain information that is material and relevant to his stated defense. This threshold showing . . . is not unduly high. It only requires the defendant to meaningfully articulate how the information sought is relevant and material to his defense." If the Court orders an <u>in camera</u> review of the

documents, the second part of the analysis requires the Court to determine "if the file actually contains information that is 'essential and reasonably necessary to the defense at trial.'"

(Citations omitted.)

After review of the records, the court issued an order finding that "nothing in the records [was] 'essential and reasonably necessary' to the defense" and, thus, ruled that it would "not disclose any part of [the] records." In its order, the court again explained that "[w]hen dealing with discovery issues relating to confidential records in a criminal case, there is a two-prong approach to the issue." It reiterated that the court first must evaluate whether it is proper to order an in camera review of the requested records and, if so, upon review, it must then determine whether the records contain information that is "essential and reasonably necessary" to the defense at trial. The court interpreted the "essential and reasonably necessary" standard to mean:

> [T]he information in the records must be "essential," i.e. the information in the records is (1) otherwise unavailable from another source and (2) there must be a compelling justification for the disclosure of the privileged information. To meet the second prong of this test, the records must contain information that is "reasonably necessary" to permit the defendant to adequately cross-examine the victim regarding an issue of bias, prejudice, motive or similar justification.

The defendant appeals from this order, arguing that the trial court: (1) erroneously structured the process governing in camera review of privileged records; (2) "misinterpreted the content of the 'essential and reasonably necessary' standard" for use of privileged information at trial; and (3) may have erred in determining that the victim's counseling records were not subject to disclosure. We will address each of the defendant's arguments in turn.

The defendant first argues that the trial court erroneously structured the process governing in camera review of privileged records. Specifically, he argues:

> [T]he court condensed into two phases a process that, properly conceived, involves three. In particular, the court omitted the step of disclosing to counsel, subject if necessary to a protective order, any relevant information contained in the records. Such disclosure would have enabled counsel to make appropriately detailed arguments in an effort to satisfy the "essential and reasonably necessary" condition on the right to use confidential information at trial.

The defendant contends that a three-phase process, which includes disclosure of relevant information to trial counsel, is necessary because, at the time of in camera review, a trial court necessarily lacks complete information about the facts of a case and the theories of prosecution and defense that will be advanced at trial. He, therefore, asserts that a trial court may be unable to adequately discern what information is "essential and reasonably necessary" without the aid of trial counsel. He further maintains that support for a three-phase process "appears as early as this Court's opinion in" State v. Farrow, 116 N.H. 731 (1976).

The defendant, as the appealing party, bears the burden of demonstrating that he "specifically raised the arguments articulated in [his] appellate brief before the trial court." State v. Exxon Mobil Corp., 168 N.H. ___, ___, 126 A.3d 266, 275 (2015) (quotation and brackets omitted), petition for cert. docketed, No. 15-933 (U.S. Jan. 22, 2016); see also Sup. Ct. R. 16(3)(b). "Generally, the failure to do so bars a party from raising such claims on appeal." Exxon Mobil Corp., 168 N.H. at ___, 126 A.3d at 275-76. "This requirement reflects the general policy that trial forums should have an opportunity to rule on issues and to correct errors before they are presented to the appellate court." Holt v. Keer, 167 N.H. 232, 238 (2015) (quotation omitted). "This requirement is designed to discourage parties unhappy with the trial result to comb the record, endeavoring to find some alleged error never addressed by the trial judge that could be used to set aside the verdict." State v. Noucas, 165 N.H. 146, 152 (2013) (quotation omitted).

Here, the defendant never argued to the trial court that a three-phase process governed in camera review of the victim's counseling records. Nor did he seek an intermediate phase of disclosure of relevant information to trial counsel to enable counsel to satisfy the "essential and reasonably necessary" standard for use at trial.

Moreover, in both of its orders concerning in camera review of the victim's counseling records, the court clearly laid out the law it intended to apply. It stated that when dealing with discovery issues relating to privileged records, there is a two-prong approach to the issue. See State v. Gagne, 136 N.H. 101, 104-06 (1992). It further explained, in both orders, that the court first must evaluate whether it is proper to order an in camera review of the requested records and, if so, upon review, it must then determine whether the records contain information that is "essential and reasonably necessary" to the defense at trial. See State v. Guay, 162 N.H. 375, 384-85 (2011). The defendant never objected to the court's articulation of the law or process governing in camera review of privileged records nor did he file a motion for reconsideration.

Accordingly, the defendant has failed to preserve his argument that the process governing in camera review of privileged records should involve three phases, including disclosure of relevant information to trial counsel to enable counsel to satisfy the "essential and reasonably necessary" standard for use at trial. We, therefore, leave for another day the issue of whether we should revisit our case law governing in camera review of privileged records.

The defendant next argues that "even if the court properly omitted the [intermediate] step of disclosure to counsel of relevant information, the court misinterpreted the content of the 'essential and reasonably necessary' standard" for use of privileged information at trial. He contends that the court "too narrowly construed the meaning" of that standard. Specifically, he asserts:

> If, upon an in camera review, the privileged records are found to contain information of significant value to the defense at trial, whether substantively-admissible exculpatory evidence or impeachment evidence relating to bias or to general credibility, that information should be made available for use at trial regardless of whether the means of its admission involves the cross-examination of the privilege-holder.

We further decline to address this argument because the defendant has failed to demonstrate that he preserved it for our review.

The defendant did not set forth his interpretation of the "essential and reasonably necessary" standard in his motion for in camera review of the victim's counseling records. Nor did he contest, in a motion for reconsideration, the trial court's interpretation of the standard, as set forth in its order denying disclosure of any of the victim's records. See N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002) (holding that appellant's claim that trial court violated her due process rights by applying wrong standard of review in its order was not preserved because appellant failed to raise issue in a motion for reconsideration). Therefore, to the extent that the defendant argues on appeal that the trial court should have applied a different standard in determining whether information in the victim's counseling records should be disclosed for use at trial, he made no such argument to the trial court.

Finally, the defendant argues that the trial court may have erred in determining that the victim's counseling records were not subject to disclosure and, thus, seeks our review of the records to assess whether the court erred in applying the law to the records. "We review a trial court's decisions on the management of discovery and the admissibility of evidence under an unsustainable exercise of discretion standard." Guay, 162 N.H. at 385. Based

4

upon our review of the records, we conclude that the trial court did not unsustainably exercise its discretion when it ruled that it would not disclose any of the victim's counseling records.

Affirmed.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,**
**Clerk**
