# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0378, <u>Petition of State of New Hampshire</u> <u>(State of New Hampshire v. Kyle J. McCoy)</u>, the court on May 29, 2018, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The petitioner, the State of New Hampshire, filed a petition for a writ of certiorari, <u>see</u> <u>Sup. Ct. R.</u> 11, challenging an order from the Superior Court (<u>O'Neill</u>, J.) that required an alleged victim of sexual assault to disclose 360 pages of medical records to a medical expert retained by the defendant's counsel. The medical records at issue include "highly technical" records related to the alleged victim's brain surgery, which took place during the same month as the alleged assault at issue in the underlying trial. We vacate and remand.

A defendant has a constitutional right to materials, including otherwise privileged medical records, that are "essential and reasonably necessary to permit counsel to adequately cross-examine for the purpose of showing unreliability and bias." <u>State v. Gagne</u>, 136 N.H. 101, 104 (1992) (quotation omitted). We have held that a trial court is required to conduct an <u>in</u> <u>camera</u> review to determine whether the privileges at issue should be abrogated. <u>See</u> <u>Petition of State of N.H. (State v. MacDonald)</u>, 162 N.H. 64, 70 (2011). In <u>MacDonald</u>, we held that the trial court erred when it ordered that medical records be disclosed to counsel "without having reviewed the records." <u>Id</u>. at 66, 70. Here, the trial court reviewed the records and "attempted to discern which records . . . should be disclosed," but, "given the highly technical nature of these particular records," it concluded that it was "not in a position to fully determine which portions of the medical records are relevant to the defendant's defense." The trial court ruled that disclosure of the medical records was "appropriate and necessary" because "the records likely contain[ed] . . . information regarding [the alleged victim's] ability to perceive the alleged incident and whether [the alleged victim's] condition and/or treatment affected or continues to affect [the alleged victim's] memory and reliability." Accordingly, the court concluded that "there is an essential need for the full disclosure of [the alleged victim's] medical records to the defendant for expert review." This petition followed.

On appeal, the State argues that the trial court erred because it "abdicated its duty to provide a meaningful <u>in</u> <u>camera</u> review of the victim's medical records." However, through briefing and at oral argument, it became evident that the parties broadly agree that the trial court's responsibility to determine whether privileged records should be disclosed is non-delegable.

The parties also recognize that trial courts have the "inherent authority" to appoint expert technical advisors who can assist the court in "extraordinary [situations] where the introduction of outside skills and expertise, not possessed by the judge, will hasten the just adjudication of a dispute without dislodging the delicate balance of the juristic role." Below v. Secretary of State, 148 N.H. 1, 4-5 (2002) (quotation omitted). Moreover, the parties agree that this case presents an "extraordinary" situation within the meaning of Below.

Notwithstanding Below, the record reflects that neither party asked the trial court to exercise its inherent power to appoint its own expert. The record demonstrates, however, that the trial court concluded that it was not "qualified" to review the medical records. Although the trial court did not explicitly address whether this case presents an "extraordinary" situation, see id. at 4, it is obvious that, by determining that it lacked the expertise needed to meaningfully review the records, the trial court reached that conclusion, albeit implicitly.

We agree with the trial court and the parties that the review of these technical medical records gives rise to an "extraordinary" situation within the meaning of Below, and that, therefore, the trial court should exercise its inherent authority to appoint an independent expert to aid it in this task. The specific procedure to be used to select and appoint an expert is left to the sound discretion of the trial court. We vacate the trial court's discovery order and remand to the trial court for further proceedings.

Vacated and remanded.

LYNN, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Eileen Fox,**
**Clerk**

2