# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0751, <u>State of New Hampshire v. John Knott</u>, the court on November 18, 2020, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant, John Knott, appeals his conviction by a jury of one count of aggravated felonious sexual assault. We remand for the trial court to review certain confidential records <u>in</u> <u>camera</u>, but otherwise reject the claims of error raised by the defendant.

### A. Complainant's Competency

The defendant first argues that the Superior Court (<u>Ignatius</u>, J.) erred by finding that the complainant was competent to testify. However, the defendant has not provided us with the competency hearing transcript as part of the appellate record. As the appealing party, the defendant had the burden of providing us with a record sufficient to decide his appellate issues. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); <u>see</u> <u>Sup. Ct. R</u>. 13. Absent the transcript, we must assume that the evidence supported the trial court's decision. <u>See</u> <u>Bean</u>, 151 N.H. at 250. We review the court's competency order for errors of law only, <u>see</u> <u>Atwood v. Owens</u>, 142 N.H. 396, 397 (1997), and find none.

### B. In Camera Review of School Records

The defendant next asserts that the trial court erred by denying his request that it review the complainant's school records <u>in</u> <u>camera</u>. Before trial, the defendant submitted two different requests for <u>in</u> <u>camera</u> review of the complainant's school records. One request pertained to records of the complainant's disclosure to school counselors that the defendant had sexually assaulted her; the other request pertained to records concerning her cognitive functioning. We address each request in turn.

### 1. School Counseling Records

Before trial, the defendant filed a motion for <u>in</u> <u>camera</u> review of records of the complainant's elementary school regarding the disclosure she made to two school counselors that the defendant had sexually assaulted her. The defendant contended that, to the extent that the records show that the

complainant made inconsistent statements about the assault, "those inconsistencies are relevant to the defense." He also asserted that "[a]ny evidence supporting [the complainant's] recollection of events, or discrepancies in the reporting of same, and her veracity are relevant and discoverable." The defendant's motion was based upon a police report regarding the disclosures that the complainant made to the two school counselors.

The trial court denied the motion, ruling that "[m]erely stating that someone made a report to a counselor is not sufficient to warrant in camera review." See State v. Taylor, 139 N.H. 96, 98-99 (1994). The trial court further determined that "the defendant [had] not articulated an essential need for in camera review of the school counselor's records, particularly in light of the police report addressing the reported disclosure and the contents of the disclosure, as alleged."

We review trial court decisions on the management of discovery under our unsustainable exercise of discretion standard. State v. Ainsworth, 151 N.H. 691, 694 (2004). To satisfy this standard, the defendant must demonstrate that the trial court's decision is clearly untenable or unreasonable to the prejudice of his case. Id.

A defendant's request to obtain privileged records raises two distinct, but related, issues. State v. Gagne, 136 N.H. 101, 104 (1992). The first issue is the standard for obtaining in camera review of privileged material; the second is the standard for obtaining disclosure of such material. Id. Here, the trial court misapplied the first standard.

To trigger in camera review of privileged records, "the defendant must establish a reasonable probability that the records contain information that is material and relevant to his defense." Id. at 105. To satisfy this standard, the defendant must present "some specific concern, based upon more than mere conjecture, that, in reasonable probability, will be explained by the information sought." State v. Sargent, 148 N.H. 571, 573 (2002).

We find Taylor instructive. There, the defendant asserted that he had reason to believe the victim was interviewed by the Division for Children, Youth and Families (DCYF). Taylor, 139 N.H. at 98. The defendant, however, presented nothing more than this general assertion as justification for an in camera review of DCYF files. See id. Unlike in Gagne, where we allowed in camera review, the defendant in Taylor failed to offer "specific arguments concerning relevant evidence that, according to information obtained independently by counsel, may have been contained in the DCY[F] file." Id. Affirming the trial court's denial of the defendant's motion for in camera review, we held that "[a]t a minimum, a defendant must present some specific concern, based on more than bare conjecture, that, in reasonable probability, will be explained by information in the DCY[F] file." Id. at 99.

Applying Gagne, we conclude that the defendant established a reasonable probability that the school counseling records contained information that may have been material and relevant to his defense. See Gagne, 136 N.H. at 105. His specific concern, that the complainant had disclosed the sexual assault to two school counselors, was based upon more than mere conjecture. Rather, his concern was based upon "information obtained independently by counsel," specifically, a police report revealing that the disclosure had been made. Taylor, 139 N.H. at 98. Under these circumstances, the defendant has met the standard to require that the trial court review, in camera, the complainant's school counseling records. We, therefore, conclude that the trial court erred by refusing to review the complainant's school counseling records in camera and remand for the court to review those records in camera.

On remand, we direct the trial court to apply the standard we clarified recently in State v. Girard, 173 N.H. ___, ___ (decided October 16, 2020) (slip op. at 8-9), to determine whether any of the records must be disclosed to the defense. If, on remand, the trial court decides that the records contain evidence meeting the Girard standard, then the court should order a new trial unless it finds that the error of not admitting the evidence in the first trial was harmless beyond a reasonable doubt. See State v. McLellan, 146 N.H. 108, 113 (2001).

## 2. Records Pertaining to the Complainant's Cognitive Functioning

The defendant also filed a motion for in camera review of the complainant's academic "school records, including but not limited to, [her] individualized educational plans (IEPs)." He argued that the records were "relevant to show the level of [the complainant's] cognitive functioning and what, if any, accommodations are made for her in the school environment." The trial court denied the motion, reasoning that "[y]ears of school testing, accommodations, quarterly educational goals, etc., are not material or relevant" to the defendant's aggravated felonious sexual assault charge.

Thereafter, the defendant filed a motion for reconsideration, asserting that, "[a]lthough the requested records may not be directly relevant to the pending charge[], [the trial court] overlooked the fact that they are necessary in order to accurately ascertain [the complainant's] level of function and whether she is in fact a competent witness for the State." The defendant contended that "[a]n IEP or other associated records will a contain specific action plan containing any necessary accommodations for [the complainant] based upon her strengths, deficits, or particular learning styles." He asserted that "[t]his information becomes even more important based upon" the complainant's interview at the Child Advocacy Center. The trial court denied the motion, stating that "[i]f there is a genuine issue regarding the competence of [the

3

complainant] to testify, the court will conduct a competency hearing prior to trial."

The defendant also filed a motion requesting the trial court to conduct an evidentiary hearing to assess the competency of the complainant to testify. See N.H. R. Ev. 601(a). The trial court granted the motion and, in May 2019, before the jury was selected, the court held such a hearing. Based upon the evidence adduced at the hearing, the trial court found the complainant to be competent pursuant to New Hampshire Rule of Evidence 601(a). The court specifically found that she possesses "sufficient capacity to observe, remember, and narrate, as well as [to] understand the duty to tell the truth."

The defendant has failed to demonstrate that the trial court's denial of his request to review the complainant's school records prejudiced his case. As the defendant impliedly concedes, the school records he sought are not directly relevant to his case. Their only tangential relevance is to the complainant's competency to testify. However, after he sought the records, the trial court held an evidentiary hearing on that very issue. Under these circumstances, we cannot conclude that the trial court unsustainably exercised its discretion by denying the defendant's request for in camera review of the complainant's school records related to her cognitive functioning. Cf. State v. Madore, 150 N.H. 221, 225-26 (2003) (upholding the trial court's refusal to review records in camera where "the specific concern offered by the defendant – that in camera review was needed to determine whether the victim's memory was repressed – was rendered moot by the trial court's ruling that the victim's memory was not repressed").

C. Disclosure of Counseling Records from West Central Behavioral Health

To the extent that the defendant argues that the trial court erred when it declined to disclose to him the complainant's counseling records from West Central Behavioral Health following the court's in camera review of them, we conclude that we are unable to review his argument substantively because he did not file a motion asking that we order the trial court to transmit the records to this court. See Bean, 148 N.H. at 250; see also Sup. Ct. R. 13(2).

D. Deposition of the Complainant's Mother

The defendant next asserts that the trial court erred by denying his motion to depose the complainant's mother. In his motion, the defendant argued that deposing the complainant's mother was "essential and required" so that the defendant could "understand the complete context" of the conversation between the mother and the complainant when the complainant disclosed the assault. The defendant also asserted that the deposition was necessary because the mother spoke with the complainant's juvenile brother about the

4

allegation and the brother was not interviewed by the Child Advocacy Center and has not provided a statement. The defendant also contended that the deposition was necessary because the mother was present when the complainant was interviewed by the Child Advocacy Center. According to the defendant, "[i]t is essential for the defense to understand who was present, who interacted with [the complainant] and what, if anything, was said" when the complainant left the interview room for five minutes. The defendant represented to the trial court that he did not request to interview the complainant's mother because he has a "contentious relationship" with the complainant's family.

The trial court denied the motion, ruling that the defendant's showing was inadequate to compel a deposition. The court observed that there are police reports about the mother's conversations with the complainant and her brother. The court stated that if the mother "is willing to be interviewed by the defendant's investigator, as the State suggests is a possibility, the parties should proceed on an informal basis."

A defendant does not have an unqualified due process right to compel depositions in a criminal case. State v. Fernandez, 152 N.H. 233, 236 (2005). The trial court may permit the defendant to depose a witness if the requested deposition is "necessary . . . [t]o ensure a fair trial, avoid surprise or for other good cause shown." RSA 517:13, II(b) (2007). To determine whether a deposition is necessary, the court must "consider the complexity of the issues involved, other opportunities or information available to discover the information sought by the deposition, and any other special or exceptional circumstances which may exist." Id. "[T]o succeed on a motion to depose, the defendant must make a threshold showing of necessity given the particular facts and circumstances of his case." State v. Ellsworth, 142 N.H. 710, 715 (1998).

"We evaluate the trial court's decision under our unsustainable exercise of discretion standard." Fernandez, 152 N.H. at 236. "To prevail, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case." Id. Having considered the arguments in the defendant's brief, we conclude that he has failed to demonstrate that the deposition was necessary to ensure a fair trial, avoid surprise, or for other good cause. See id. The record demonstrates that the trial court weighed the statutory factors when it decided that the defendant had not met his burden of establishing necessity. See id. Accordingly, we cannot conclude that the trial court unsustainably exercised its discretion in denying the defendant's motion.

To the extent that the defendant argues that he was entitled to the deposition under the State or Federal Constitution, we consider his arguments insufficiently developed for our review. "Judicial review is not warranted for

5

complaints regarding adverse rulings without developed legal argument, and neither passing reference to constitutional claims nor off-hand invocations of constitutional rights without support by legal argument or authority warrants extended consideration." Appeal of Omega Entm't, 156 N.H. 282, 287 (2007).

### E. Pretrial Motion to Dismiss

Before trial, the defendant moved to dismiss the indictment on the ground that the State would be unable to prove the charge against him given that a neglect finding by DCYF regarding the complainant had been overturned by the Administrative Appeals Unit (AAU) of the New Hampshire Department of Health and Human Services. In denying the motion, the trial court ruled that the determination by the AAU "is not binding on the prosecution or this Court" and that although it might "suggest weaknesses in the State's case when presented to a jury, it does not warrant the extreme measure of dismissal of an indictment brought by the Grand Jury."

To the extent that the defendant argues that in so ruling, the trial court erred, we are unpersuaded. As the appealing party, the defendant has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). The defendant has failed to demonstrate that by denying his motion to dismiss the indictment, the trial court committed reversible error. See id.

### F. DCYF Investigation

The defendant next asserts that the trial court unsustainably exercised its discretion by "refus[ing] to allow [him] to offer evidence" related to the investigation by DCYF and the finding by the AAU. Our review of the record submitted on appeal does not demonstrate that the trial court ever "refused to allow [the defendant] to offer" such evidence.

The only time during the two-day jury trial that the issue appears to have been discussed was during defense counsel's closing argument, when defense counsel stated: "DCYF didn't do any investigation. You didn't hear any testimony, other than that somebody from DCYF was present at the CAC. You hear nothing more about anything that DCYF has done." The State objected, observing that DCYF did investigate, but that the State "didn't bring that up in this trial." The State argued, "I don't think that [defense counsel] should be saying that DCYF didn't investigate, whether they didn't hear evidence of it, when it's not admissible. That's inappropriate. It leaves the jury with the wrong impression, that we could have brought in the evidence. We couldn't have." The court agreed, and instructed the jury "to strike the last comment that you heard from your consideration." To the extent that the defendant asserts that in striking the statement from defense counsel's closing argument, the trial court erred, we conclude that the argument is insufficiently developed for appellate review. Any question that the defendant included in his notice of

appeal, but that he did not brief, is deemed waived.  See State v. Ayer, 154 N.H. 500, 519 (2006).

Remanded.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**