Strafford
No. 94-054

THE STATE OF NEW HAMPSHIRE

v.

RAYMOND LOCKE

July 14, 1995

742

*Jeffrey R. Howard*, attorney general (*Jeffrey S. Cahill*, assistant attorney general, on the brief and orally), for the State.

*Joachim Barth,* assistant appellate defender, of Concord, by brief and orally, for the defendant.

BATCHELDER, J. The defendant, Raymond Locke, was convicted after a jury trial in Superior Court (*Fauver,* J.) of two counts of aggravated felonious sexual assault, RSA 632-A:2 (1986 & Supp. 1994), and two counts of felonious sexual assault, RSA 632-A:3 (1986), committed on a twelve-year-old boy. The defendant argues (1) that the trial court abused its discretion in admitting into evidence, pursuant to New Hampshire Rule of Evidence 803(5), the victim's pretrial videotaped statement, and (2) that the Trial Court (*Dickson,* J.) erred in refusing to review *in camera* the New Hampshire Division of Children and Youth Services (DCYS) records pertaining to the victim. We affirm.

In the spring of 1992, the twelve-year-old victim met the defendant, his neighbor, and spent time playing basketball with him and watching television at the defendant's house. The victim testified that the defendant had him take off his clothes, got on top of him, and placed his penis in the victim's buttocks. The boy also testified that the defendant touched the boy's penis. When asked on direct examination about other instances of sexual abuse, the victim said he could not remember. The prosecutor moved to introduce the videotaped statement the victim had made to a prosecution agent in November 1992, shortly after the victim had first disclosed the abuse. The trial court heard arguments from

counsel and *voir dire* of the victim and ruled the tape admissible under New Hampshire Rule of Evidence 803(5) as a past recollection recorded. The tape was played for the jury and provided evidence of the other assaults charged. Defense counsel cross-examined the victim afterwards. The victim testified, after viewing the videotape, that the events he had therein described had occurred.

Rule 803(5), the past recollection recorded exception to the hearsay rule, allows into evidence

> [a] memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in his or her memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence and may be received as an exhibit unless the court, in its discretion, finds that such admission is unduly cumulative or prejudicial.

N.H. R. Ev. 803(5). To be admissible under this rule, a recorded statement must meet the following foundational requirements: (1) the witness once had firsthand knowledge about the event; (2) the witness now lacks sufficient memory of the event to testify fully and accurately; (3) the recorded statement was made at or near the time of the event when the witness had a clear and accurate memory of it; and (4) the recorded statement accurately reflects the witness's knowledge. *United States v. Porter,* 986 F.2d 1014, 1018–19 (6th Cir. 1993); *see* J. STRONG, MCCORMICK ON EVIDENCE §§ 279, 282 (4th ed. 1992). The defendant argues that the trial court lacked a basis for finding that the foundation had been met with respect to the second and fourth of these requirements. We disagree.

■ The trial court found that the victim had an insufficient recollection at trial to be able to testify fully and accurately about the matter at issue. As a preliminary factual predicate for admissibility, this finding was for the trial court to make pursuant to Rule of Evidence 104. The trial court, upon listening to the victim testify, observed that he was "a witness who it is very apparent has some memory deficits. He has trouble expressing himself . . . ." The record provides a basis for this finding, and to the extent the finding reflects the court's firsthand observations of the witness's demeanor, it is deserving of considerable deference. *See Porter,* 986 F.2d at 1017; *cf. State v. Mills,* 136 N.H. 46, 50, 611 A.2d 1104, 1106 (1992).

■ Additionally, the record supports a finding that the videotaped statement accurately reflected the victim's knowledge of the abuse at the time the statement was made. The videotape was made within a few

weeks of the disclosure of the incidents, a full year prior to trial. When asked by the prosecutor, as a foundational matter, whether he had told the truth on the videotape, the victim answered, "Yeah, mostly what I said." The victim's trial testimony reveals, as the prosecutor stated during argument, that the victim was "a rather slow young man[,] . . . not a very bright young man." In these circumstances "[i]t is not a *sine qua non* of admissibility that the witness actually vouch for the accuracy of the [recorded statement]." *Porter,* 986 F.2d at 1017. We conclude that the trial court did not err in finding that the foundational requirements for admissibility were satisfied.

■ We note also that the defendant had the opportunity to cross-examine the victim, the actual hearsay declarant, both on *voir dire* and after the videotape was shown to the jury. *See id.* (Rule 803(5) statement not particularly unreliable type of hearsay, where declarant usually testifies in front of jury). Moreover, the trial court, after viewing the witness and hearing extended argument, carefully balanced the probative value and possible prejudicial effect of the evidence.

■ The defendant next complains that the trial court erred in refusing to review *in camera* the victim's DCYS records. A defendant seeking such *in camera* review first "must establish a reasonable probability that the records contain information that is material and relevant to his defense." *State v. Gagne,* 136 N.H. 101, 105, 612 A.2d 899, 901 (1992).

In his motion for discovery, the defendant alleged that the DCYS investigation of the allegations "may contain exculpatory information" because a DCYS worker had taken the victim to the doctor, who submitted a report indicating that the victim "has been to the doctor numerous times, often with no explanation as to why he is there." At a discovery hearing pretrial, defense counsel supplemented the argument, stating that the victim's father was in prison for sexually assaulting another of his children, and that *in camera* review of the records was desired "to find out if there is a previous history of sexual abuse with the alleged victim and his father, or another person or persons."

These bare assertions fall short of the showing required by *Gagne*. There, the defendant made multiple specific arguments about relevant evidence that may have been contained in the DCYS file and did so based on information independently obtained by counsel. *Id.* at 106, 612 A.2d at 902. Here, counsel for the defendant acknowledged that the victim's mother was a friendly witness, yet made no representation that the mother had provided information leading to a reasonable conclusion that the records would contain what was sought regarding doctor's visits and possible other abuse. Neither was any factual basis presented concerning the father's incarceration and any putative nexus to the records, and the reference to "another person or persons," without elaboration,

suggests that the defendant was essentially on a fishing expedition. "At a minimum, a defendant must present some specific concern, based on more than bare conjecture, that, in reasonable probability, will be explained by information in the DCYS file." *State v. Taylor,* 139 N.H. 96, 99, 649 A.2d 375, 376 (1994). This the defendant failed to do.

*Affirmed.*

All concurred.