Hillsborough-northern judicial district
No. 94-035

### THE STATE OF NEW HAMPSHIRE

v.

### JOHN PUZZANGHERA

August 9, 1995

*Jeffrey R. Howard,* attorney general (*Mark S. Zuckerman,* assistant attorney general, on the brief), for the State.

*James E. Duggan,* chief appellate defender, of Concord, by brief for the defendant.

PER CURIAM. The defendant, John Puzzanghera, was convicted on three counts of the sale of a controlled drug and two counts of accomplice to the sale of a controlled drug, RSA 318-B:2 (1984 & Supp. 1994); RSA 626:8 (1986), after a jury trial in Superior Court

(*Groff*, J.). On appeal, he argues that the trial court erred in refusing to review a police officer's personnel file *in camera* in accordance with RSA 105:13-b (Supp. 1994). We affirm.

The defendant's convictions arose out of an undercover drug investigation, during which an undercover police officer purchased cocaine from the defendant and his co-defendant on five occasions. The defendant filed a notice of entrapment. Sometime later, shortly before trial, he told his counsel that the police officer used drugs with him at the time several of the buys were made. The defendant then filed a motion claiming that he had been coerced into committing the offenses with which he was charged in order to obtain drugs for the officer's personal use, and seeking an *in camera* review of the police officer's personnel file for the purpose of determining whether the officer had ever used drugs or undergone drug treatment.

The reasons offered to the trial court in support of the motion were twofold. First, the defendant reiterated his claim that the police officer used cocaine with him on several occasions. Second, the defendant indicated that he had heard a rumor that the officer had participated in a drug rehabilitation program. He acknowledged, however, that it was "only a rumor; he had nothing to base it on." The defendant also indicated that a public defender was aware of a similar rumor, but that he, too, was unable to verify the factual basis for the allegation.

The trial court denied the defendant's motion, characterizing defense counsel's offer of proof as "unsubstantiated rumor." The court noted that, even if the officer was in drug rehabilitation, there still was no probable cause to believe his personnel file contained evidence relevant to the defendant's case.

RSA 105:13-b provides, in pertinent part:

> No personnel file on a police officer who is serving as a witness . . . in a criminal case shall be opened for the purposes of that criminal case, unless the sitting judge makes a specific ruling that probable cause exists to believe that the file contains evidence relevant to that criminal case.

We have not yet had occasion to interpret the probable cause standard of this statute and look for guidance to *State v. Gagne*, 136 N.H. 101, 612 A.2d 899 (1992).

In *Gagne*, a criminal defendant sought an *in camera* review of confidential and privileged New Hampshire Division for Children and Youth Services (DCYS) records pertaining to his alleged sexual assault victims. Such review, we explained, can often harmonize the

defendant's interest in obtaining evidence helpful to his defense and the victim's statutorily mandated right to confidentiality. In order to trigger an *in camera* review of DCYS records, "the defendant must establish a reasonable probability that the records contain information that is material and relevant to his defense." *Id.* at 105, 612 A.2d at 901. We held that the defendant made the necessary showing through five specific arguments concerning relevant evidence that, according to information obtained independently by counsel, may have been contained in the DCYS file.

We applied the *Gagne* standard in *State v. Taylor*, 139 N.H. 96, 649 A.2d 375 (1994), where the defendant sought discovery of material in a DCYS file about his alleged sexual assault victim based upon his belief that DCYS had interviewed her. Because the defendant in *Taylor*, unlike the *Gagne* defendant, never ventured beyond his general assertion concerning the materiality and relevance of the information sought, we found that he failed to establish a reasonable probability that the records contained information material and relevant to his defense. We explained, "[a]t a minimum, a defendant must present some specific concern, based on more than bare conjecture, that, in reasonable probability, will be explained by information in the DCYS file." *Id.* at 99, 649 A.2d at 376; *see also State v. Locke*, 139 N.H. 741, 663 A.2d 602 (1995).

■ ■ Today, we hold that in order to trigger an *in camera* review of a police officer's personnel file under RSA 105:13-b, the defendant must establish probable cause to believe the file contains evidence relevant to his case in a manner analogous to the principles set forth in *Gagne* and *Taylor*. Applying these principles to the arguments presented here, we find that the defendant failed to meet his burden of proof. The rumors about the officer's participation in a drug rehabilitation program are nothing more than mere assertions of suspicion, which deserve little weight in determining whether probable cause exists. Likewise, the allegation that the officer used drugs with the defendant, while inherently suspect due to its late disclosure, is without foundation to believe the personnel file contained any such reference. Although a notice of entrapment had previously been filed, defense counsel acknowledged that the defendant had "only recently" disclosed this allegation to him.

■ Unlike the *Gagne* defendant, who had reason to believe the DCYS file contained relevant information, the defendant here simply has not demonstrated that there is any realistic and substantial likelihood that evidence helpful to his defense would be

obtained from the officer's personnel file. We therefore hold that the trial court did not err in declining to review the file *in camera*.

*Affirmed.*

All concurred.