Hillsborough-southern judicial district
Nos. 97-884
 97-885

THE STATE OF NEW HAMPSHIRE

v.

KENNETH HOAG

April 7, 2000

*Philip T. McLaughlin*, attorney general (*N. William Delker*, assistant attorney general, on the brief and orally), for the State.

*Behzad Mirhashem*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

HORTON, J. The defendant, Kenneth Hoag, was convicted after a jury trial in the Superior Court (*Dalianis,* J.) of four counts of aggravated felonious sexual assault, RSA 632-A:2, I (1996) (amended 1999), six counts of aggravated sexual assault without penetration, RSA 632-A:2, II (1996), one count of felonious sexual assault, RSA 632-A:3, III (1996), one count of kidnapping, RSA 633:1, I(d) (1996), and one count of criminal restraint, RSA 633:2 (1996). The victim was a nine-year-old girl. The defendant contends the trial court erred in refusing to conduct an *in camera* review of the victim's and a child witness's counseling records, and in allowing the State to submit the defendant's entire police interview to the jury. We vacate in part and remand for an *in camera* review of the victim's counseling records, and otherwise affirm.

The details of this child kidnapping and molestation case need not be set forth; it is sufficient to examine only those circumstances that surround the defendant's points of appeal.

The defendant first contends that the trial court erred in refusing to review, *in camera*, any counseling records pertaining to the victim. The defendant argues that the refusal to conduct the *in camera* review violated his constitutional due process rights. *See* N.H. CONST. pt. I, art. 15; U.S. CONST. amend XIV. We analyze his claim under the State Constitution first. *State v. Ball*, 124 N.H. 226, 231, 471 A.2d 347, 351 (1983). "Because part I, article 15 of the New Hampshire Constitution provides at least as much protection to criminal defendants in this area as does the fourteenth amendment of the United States Constitution, we need not undertake a separate federal analysis." *State v. Laforest*, 140 N.H. 286, 289, 665 A.2d 1083, 1086 (1995).

During a series of interviews in November 1996, the victim told the police that the defendant had partially penetrated her and caused her pain. On November 11, 1996, Dr. Nora Hanke, a pediatrician, interviewed and examined the victim. During that interview, the victim told the doctor that she had not been penetrated and that she had experienced no pain. Dr. Hanke and the police recommended that the victim receive counseling. There is no evidence that the victim attended any counseling.

Prior to trial, the defendant requested that the court conduct an *in camera* review of any counseling records of the victim. The defendant reasoned that because the victim gave inconsistent statements on the issue of penetration and pain, additional statements regarding these issues probably existed in counseling records and might be material on the issue of penetration. Therefore, the defendant argues, he was entitled to have the trial court review the victim's counseling records, if they exist, to determine whether they contain evidence that is material and relevant to his defense. *See State v. Gagne*, 136 N.H. 101, 105, 612 A.2d 899, 901 (1992). We agree.

In *Gagne*, we determined that when a defendant establishes a reasonable probability that confidential records may contain evidence that is material and relevant to the defense, the trial court must conduct an *in camera* review of those records. *Id.*

> The threshold showing necessary to trigger an *in camera* review is not unduly high. The defendant must meaningfully articulate how the information sought is relevant and material to his defense. To do so, he must present a plausible theory of relevance and materiality sufficient to justify review of the protected documents, but he is not required to prove that his theory is true. At a minimum, a defendant must present some specific concern, based on more than bare conjecture, that, in reasonable probability, will be explained by the information sought.

*State v. Graham*, 142 N.H. 357, 363, 702 A.2d 322, 325-26 (1997) (quotation and citations omitted). In this case, the issue of penetration was contested by the defendant, and the victim made contradictory statements regarding penetration. Therefore, the defendant's theory that the victim may have made additional exculpatory statements in counseling is "based on more than bare conjecture," and the defendant has presented a "plausible theory of relevance and materiality sufficient to justify review." *Id.*

The State argues that the defendant failed to make the appropriate showing because he does not know whether the victim actually attended counseling. The State, however, concedes that both the police and a doctor recommended that she receive counseling. Thus, the defendant reasonably believed that such counseling may have taken place, and that reasonable belief is enough to support his plausible theory of relevance and materiality. *See id.*

On remand, the trial court should determine whether the victim attended any counseling. If she did, the trial court

> should conduct an *in camera* review of the [victim's counseling] records, and then determine whether the records contain evidence that would have been essential and reasonably necessary to the defense at trial. If the records do contain such evidence, the court should order a new trial unless it finds that the error of not admitting the evidence in the first trial was harmless beyond a reasonable doubt.

*Id.* at 364, 702 A.2d at 326 (quotation omitted).

The defendant next argues that the trial court erred in refusing to review, *in camera*, any counseling records pertaining to the child witness. This child was present during one of the assaults, and heard additional assaults through a locked door.

The defendant contends that because the witness's statements differ from the victim's and the witness is nine years old, the witness may have made an additional, inconsistent, or exculpatory statement in counseling. In particular, the defendant points to pretrial differences in the witness's version of events and the victim's version of events. The defendant makes this argument without presenting any evidence indicating that the witness has ever varied from the witness's version of the relevant events. Essentially, the defendant asks that we adopt a rule requiring the trial court to conduct an *in camera* review of a witness's confidential records whenever a witness makes a pretrial statement that differs from a pretrial statement made by a victim. We decline to do so.

■ ■ In order to trigger *in camera* review, the defendant must assert some factual basis beyond the mere existence of counseling records. *See State v. Taylor*, 139 N.H. 96, 98, 649 A.2d 375, 376 (1994). Without a basis to believe the records contain the references sought by the defendant, he is not entitled to an *in camera* review. *See State v. Puzzanghera*, 140 N.H. 105, 107, 663 A.2d 94, 96 (1995). Any such basis must be supported by a "putative nexus to the records." *State v. Locke*, 139 N.H. 741, 744, 663 A.2d 602, 605 (1995).

Without more than the inconsistencies between the witness's and the victim's version of events, the defendant has failed to establish a factual nexus between the differing versions of events and his belief that the witness may have made additional statements inconsistent with the victim's version of events, or any other exculpatory statements, while in counseling. Thus, the defendant has not "present[ed] a specific concern, based on more than bare conjecture," and he is not entitled to *in camera* review of the witness's counseling records. *See Graham*, 142 N.H. at 363, 702 A.2d at 325-26.

The defendant next argues that the trial court erred in allowing the State to submit his entire police interview into evidence. Prior to his arrest, the defendant was interviewed by the police. In that interview, the defendant said, "[G]o ahead and arrest me, I'll do my time." When the police asked to tape record his statement, the defendant requested the presence of his attorney. Prior to trial, the defendant moved to exclude these statements from evidence. The trial court ruled that the entire interview was admissible pursuant to New Hampshire Rule of Evidence 106 because the defendant intended to use portions of the interview at trial. The defendant did not renew his objection to the admission of the statement and request for counsel during trial. On appeal, the defendant argues that the statement and the request for counsel were inadmissible because they were irrelevant and unfairly prejudicial. *See* N.H. R. EV. 401, 403.

The State argues that the defendant's relevancy and prejudice arguments are not sufficiently preserved for our review. We agree. In his argument at the August 18, 1997, pretrial hearing, the defendant raised the issues of relevancy and prejudice. In addition, the defendant specifically included Rule 401 and Rule 403 arguments in his motion *in limine* regarding both the statement and the request for counsel. The trial court, however, based its pretrial ruling on New Hampshire Rule of Evidence 106. Rule 106 provides: "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require at that time the introduction of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it."

In its order, the trial court denied the defendant's motion based on the fact that the defendant intended "to use portions of the statement at trial." The court concluded its order with: "Considering New Hampshire Rule of Evidence 106, the Court finds that the defendant's entire statement is admissible. *See State v. Keith*, 136

N.H. 572, 574[, 618 A.2d 291, 292-93] (1992)." In *Keith* we stated: "Although Rule 106 is not an automatic rule of admissibility, we have held that a trial court may admit otherwise inadmissible evidence to counter a misleading advantage if a party has 'opened the door' to such evidence." *Id.* at 574, 618 A.2d at 293. The trial court failed to address the defendant's Rule 401 and Rule 403 arguments in its order.

 In general, a defendant must make a specific and contemporaneous objection during trial to preserve an issue for appellate review. *State v. McMinn*, 141 N.H. 636, 642, 690 A.2d 1017, 1021 (1997). A motion *in limine* is sufficient to preserve an issue for appeal without an objection at trial if the trial court definitively rules on the issue prior to trial. *State v. Bennett*, 144 N.H. 13, 17, 737 A.2d 640, 643-44 (1999). A ruling on a motion *in limine* is definitive when the court is sufficiently alerted to the issue and the court's written order demonstrates that it considered the issue and ruled on it. *Id.* at 17, 737 A.2d at 644. The defendant, however, does not indicate where he argued to the trial court that the evidence was inadmissible under Rule 401 and Rule 403 when considering Rule 106, or that the court incorrectly applied Rule 106. Furthermore, the trial court's written order neither reaches any conclusion as to the defendant's Rule 401 and Rule 403 arguments, nor applies either of these rules as part of its decision on admissibility under Rule 106. Thus, we cannot say that the trial court made a definitive pretrial ruling on the issues now raised by the defendant, and the defendant failed to make a contemporaneous objection to the admission of the evidence during trial. Therefore, the defendant's arguments are not preserved for our review. *See State v. VanDerHeyden*, 136 N.H. 277, 282, 615 A.2d 1246, 1249 (1992); *State v. Parra*, 135 N.H. 306, 308, 604 A.2d 567, 568-69 (1992).

Any remaining issues raised in the notice of appeal but not briefed are waived. *See State v. Mountjoy*, 142 N.H. 648, 652, 708 A.2d 682, 685 (1998).

*Affirmed in part; vacated in part; and remanded.*

NADEAU, J., did not sit; the others concurred.