Hillsborough-northern judicial district
No. 2009-704

THE STATE OF NEW HAMPSHIRE

v.

HORACE KING

Argued: September 15, 2011
Opinion Issued: November 2, 2011

*Michael A. Delaney*, attorney general (*Elizabeth C. Woodcock*, assistant attorney general, on the brief and orally), for the State.

*Pamela E. Phelan*, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

CONBOY, J. After a jury trial in Superior Court (*Sullivan*, J.), the defendant, Horace King, was convicted of two counts of aggravated felonious sexual assault. *See* RSA 632-A:2 (Supp. 2010). On appeal, he argues that the trial court erred in denying his supplemental motion for *in camera* review of the victim's, K.H.'s, medical and counseling records. We reverse and remand.

The details of this child molestation case need not be set forth; it is sufficient to examine only those circumstances that surround the defendant's appeal. *See State v. Hoag*, 145 N.H. 47, 48 (2000).

Prior to trial, the defendant filed a motion for *in camera* review of certain medical and New Hampshire Division for Children, Youth and Family (DCYF) records related to K.H.'s allegations, as well as records of any counseling K.H. received since 2007. The Court (*Mangones*, J.) granted the defendant's motion over the State's objection. On April 24, 2009, the court issued an order permitting the parties to "review [the] DCYF material at

the courthouse." Shortly thereafter, on May 6, 2009, the Court (*O'Neill*, J.) issued another order allowing the parties to "review the records received from the Mental Health Center of Greater Manchester . . . at the Courthouse."

After reviewing the DCYF and Mental Health Center (MHC) records, which disclosed that K.H. suffered from Attention Deficit Disorder (ADD) and Oppositional Defiant Disorder (ODD), the defendant filed a supplemental motion seeking *in camera* review of any medical or counseling records pertaining to K.H.'s treatment for these disorders. In this motion, the defendant incorporated the arguments he made in his first request for *in camera* review, and further focused on K.H.'s two disorders. He also argued the records regarding K.H.'s diagnosis and treatment for ADD and ODD would likely include information that formed the basis of those diagnoses. Further, the defendant averred, the records would likely describe medications prescribed to treat her ADD and ODD and their effect on her competence as a witness.

In addition, the defendant noted that the DCYF and MHC records that had been disclosed contained relevant and exculpatory material. Specifically, they exposed K.H.'s tendency to "make up stories." The records also revealed that K.H. had previously made a false allegation of sexual assault. Thus, the defendant argued that the additional requested records would likely contain additional information material and relevant to his defense; specifically, K.H.'s "tendency to lie" and her capacity to understand her obligation to tell the truth. Both the State and the Guardian Ad Litem (GAL) objected to the supplemental motion.

After hearing, the Trial Court (*O'Neill*, J.) denied the motion, finding the defendant "failed to articulate how the requested medical records would be material to his defense." Further, the court noted the defendant had "access to information regarding K.H.'s medical conditions and ha[d] counseling records indicating what the defendant perceives to be K.H.'s inclination to lie or tell stories." The court concluded that "in light of the voluminous records already provided to the defendant," the additional records were "not material to his defense."

The defendant contends the trial court erred in denying his supplemental motion for *in camera* review. We review the trial court's decision on the management of discovery under an unsustainable exercise of discretion standard. *State v. Guay*, 162 N.H. 375, 385 (2011). To prevail, the defendant must show the trial court's rulings were clearly untenable or unreasonable to the prejudice of his case. *State v. Sargent*, 148 N.H. 571, 573 (2002).

The defendant's request for an *in camera* review is governed by *State v. Gagne*, 136 N.H. 101 (1992). In *Gagne*, we explained that "due process

considerations require trial courts to balance the State's interest in protecting the confidentiality of child abuse records against the defendant's right to obtain evidence helpful to his defense." *Gagne,* 136 N.H. at 105. "An *in camera* review of such records provides a useful intermediate step between full disclosure and total nondisclosure." *Id.* (quotation omitted). "[T]o trigger an *in camera* review of confidential or privileged records, the defendant must establish a reasonable probability that the records contain information that is material and relevant to his defense." *Id.*

This threshold showing "is not unduly high." *State v. Graham,* 142 N.H. 357, 363 (1997). It requires only that a defendant meaningfully articulate how the information sought is relevant and material to his defense. *Id.*

> To do so, he must present a plausible theory of relevance and materiality sufficient to justify review of the protected documents, but he is not required to prove that his theory is true. At a minimum, a defendant must present some specific concern, based on more than bare conjecture, that, in reasonable probability, will be explained by the information sought.

*Hoag,* 145 N.H. at 49 (quotation omitted).

Here, the record does not support the trial court's conclusion that "the defendant failed to articulate how the requested medical records would be material to his defense." The defendant presented specific arguments to carry his burden under *Gagne* — K.H.'s prior false allegation of sexual assault, her "tendency to lie," and the potential effects her ADD and ODD medication may have on her competence as a witness. Thus, his theory that the ADD and ODD medical and counseling records may contain additional information material and relevant to his defense is "based on more than bare conjecture." *Graham,* 142 N.H. at 363. The trial court's denial of the defendant's discovery request, therefore, was an unsustainable exercise of discretion.

Further, the trial court erred in finding that "in light of the voluminous records" already produced, the supplemental records were not material to the defendant's defense. Implicit in this finding was an assumption that the additional records would be cumulative or duplicative. Since neither the State nor the defendant had seen the information in the requested records, and the trial court had not reviewed them, the trial court's conclusion was speculative. *See Gagne,* 136 N.H. at 105.

We are not persuaded by the State's contention that the defendant cannot demonstrate prejudice because his counsel did not explore information contained in the medical and counseling records which were disclosed during his examination of witnesses at trial. The trial court's determination

of whether a defendant has made the requisite *Gagne* showing occurs when the discovery request is made. Defense counsel's examination of witnesses at trial, therefore, is irrelevant to the question of whether the trial court's pretrial ruling is sustainable.

The State also suggests that we should consider the defendant's refusal to waive his right to speedy trial in determining whether the trial court unsustainably exercised its discretion in denying the supplemental motion. While we acknowledge the scheduling constraints on our busy trial courts, here, the trial court did not base its denial on the defendant's refusal to waive his right to a speedy trial. Accordingly, the relevance of that factor is not before us.

Because we conclude the trial court erred when it declined to review the additional medical and counseling records *in camera*, we reverse the trial court's decision and remand the matter for further proceedings. On remand,

> [the trial] court should conduct an *in camera* review of [K.H.'s records], and then determine whether the records contain evidence that would have been "essential and reasonably necessary" to the defense at trial. If the records do contain such evidence, the court should order a new trial unless it finds that the error of not admitting the evidence in the first trial was harmless beyond a reasonable doubt.

*Graham*, 142 N.H. at 364.

All other issues the defendant raised in his notice of appeal, but did not brief, are deemed waived. *State v. Blackmer*, 149 N.H. 47, 49 (2003).

*Reversed and remanded.*

DALIANIS, C.J., and DUGGAN, HICKS and LYNN, JJ., concurred.