**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0054, <u>State of New Hampshire v. Nickolas Micucci</u>, the court on August 22, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Nickolas Micucci, appeals his conviction, following a jury trial in Superior Court (<u>Smukler</u>, J.) on charges of second degree assault and simple assault on his girlfriend. <u>See</u> RSA 631:2, :2-a (2007 & Supp. 2015). He contends that she was the initial aggressor. He argues that the trial court erred by: (1) applying an incorrect standard in denying his motion for <u>in camera</u> review of the victim's mental health records; (2) denying the motion for <u>in camera</u> review; and (3) admitting a recording of the victim's 911 call.

We first address whether the trial court applied the correct standard when it denied the defendant's motion for <u>in camera</u> review of the victim's seven-year-old mental health records. The decision to review confidential records <u>in camera</u> is governed by <u>State v. Gagne</u>, 136 N.H. 101 (1992). <u>State v. Eaton</u>, 162 N.H. 190, 193 (2011). To trigger such review, a defendant must meaningfully articulate how the information sought is relevant and material to his defense. <u>Id</u>. At a minimum, a defendant must present some specific concern, based upon more than bare conjecture, that, with reasonable probability, will be explained by the information sought. <u>Id</u>. Although a defendant is not required to state the "precise nature" of the information sought, he must provide the court with a logical factual basis for his request, based upon information independently obtained, that the information sought may yield relevant evidence. <u>Id</u>. If the defendant makes this showing, then the trial court must review the requested information <u>in camera</u> to see if the records actually contain information that is "essential and reasonably necessary to the defense at trial." <u>State v. Sargent</u>, 148 N.H. 571, 573 (2002).

In this case, the trial court held a hearing on the defendant's motion for <u>in camera</u> review and a hearing on his motion to reconsider its denial. The defendant's motion for <u>in camera</u> review cited <u>Gagne</u> as the controlling law and recited its test, as did the State's objection. At the hearings, the defendant and the State reiterated that <u>Gagne</u> controlled.

The defendant argues that the trial court's questions at the hearings indicate that it erroneously "focused upon whether the mental health records

would be 'exculpatory.'"  However, at the hearing, the defendant agreed with the trial court's characterization of <u>Gagne</u> as requiring "the reasonable probability that [information in the records will] lead to exculpatory admissible evidence." Furthermore, the defendant characterized the test as "whether or not [the records are] material and relevant and whether or not there's a reasonable probability that it is exculpatory material contained in those files."  We note that we have characterized the test similarly, as requiring the defendant "to establish that there is a realistic and substantial likelihood that evidence helpful to [the] defense would be obtained from" the records.  <u>State v. Ainsworth</u>, 151 N.H. 691, 694-95 (2005); <u>State v. Gaffney</u>, 147 N.H. 550, 556-57 (2002).  Upon our review of the hearing transcripts, we cannot conclude that the trial court's questions regarding the exculpatory nature of the evidence indicated that it applied an erroneous test.

The defendant argues that the trial court's questions erroneously focused upon whether the seven-year-old records would be admissible.  However, the trial court agreed that admissibility of the records was not a factor in the <u>Gagne</u> test, but noted that "the reasonable probability that it'll lead to exculpatory admissible evidence . . . is a factor."

The trial court was concerned that the evidence the defendant conjectured was in the records – past incidents of self-abuse – was simply evidence of character or propensity.  The trial court pressed the defendant regarding the admissibility of such past incidents, particularly under Rule 405 of the New Hampshire Rules of Evidence, to compel him to articulate how his "specific concern" – that the victim was self-abusive on the night in question – would "be explained by the information sought."  <u>Eaton</u>, 162 N.H. at 193.  The trial court's questions illustrated that, even if the records reflected that the victim had abused herself seven years earlier, such information would not be relevant to her conduct on the night in question.  <u>See</u> <u>State v. Porter</u>, 144 N.H. 96, 99-100 (1999) (affirming denial of <u>in</u> <u>camera</u> review because victim's alleged emotional instability, alcoholism, and failure to follow treatment recommendations had no bearing on her character for truthfulness at trial).

The defendant contends that he "cannot cogently argue whether the records are admissible or exculpatory without seeing them."  However, in this case, the trial court assumed that the records contained the information he sought, but concluded that such evidence would not be relevant or material.  <u>Cf.</u> <u>State v. Hoag</u>, 145 N.H. 47, 50 (2000) (remanded for determination as to whether victim attended counseling when defendant established reasonable belief that she did).  Accordingly, although the trial court did not explicitly recite the <u>Gagne</u> test, we cannot conclude that it applied an incorrect standard.  <u>Cf.</u> <u>State v. Graham</u>, 142 N.H. 357, 364 (1997) (vacating and remanding when record was unclear whether trial court applied <u>Gagne</u>).

2

We next address the trial court's decision not to review the victim's mental health records in camera. We review the trial court's decision under our unsustainable exercise of discretion standard. Eaton, 162 N.H. at 193. To prevail, the defendant must show that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case. State v. King, 162 N.H. 629, 631 (2011). The trial court rested its decision to deny the motion on three grounds, that: (1) the records were old; (2) the defendant knew that the victim had been treated for depression and was aware of the medication she was currently taking; and (3) depression is "a common diagnosis."

The defendant argues that the records were material and relevant because "they could contain information about triggers for violent or self-abusive behavior." However, he offered no evidence that the victim had ever engaged in such behavior. To trigger in camera review, the defendant must assert some factual basis beyond the mere existence of counseling records. Hoag, 145 N.H. at 50. Without a basis to believe the records contain the references sought by the defendant, he is not entitled to in camera review. Id. Any such basis must be supported by a "putative nexus to the records." Id.

We disagree with the defendant that his testimony that the victim stopped taking her medication and was self-abusive on the night in question "supported . . . a reasonable probability that [her] mental health records could shed light on her behavior that evening." The defendant does not identify any reason to believe that the victim was self-abusive seven years earlier, other than her diagnosis for depression. As the defendant concedes, "depression is 'one of the most common presenting symptoms . . . and is a component of many psychiatric conditions.'" Thus, a diagnosis for depression, alone, does not establish a reasonable probability that the victim was self-abusive.

Accordingly, we cannot conclude that the trial court erred by determining that merely identifying the victim as having been diagnosed with depression failed to create an adequate nexus to violent and self-abusive behavior. See id. Furthermore, the trial court could have concluded that, even if the records contained such information, the likelihood that they would identify triggers for such behavior or that any such triggers would remain constant over more than seven years was speculative.

The defendant argues that the records could have been "used by an expert to opine about whether the behavior [the defendant] described was consistent with [the victim's] illness." However, the defendant knew that the victim was diagnosed with depression. As discussed above, the trial court could have reasonably determined that he failed to establish an adequate nexus between the diagnosis and alleged self-abuse to justify in camera review of the records. To the extent that the defendant argues that he needed the records to "know which [depressive] disorder [the victim] was managing," the trial court could have reasonably concluded that he had failed to establish that this information was

3

relevant and material.  See Eaton, 162 N.H. at 193.  Thus, the defendant's desire to provide an expert with the records was insufficient to support his request.

The defendant argues that the trial court's "misunderstanding of depression led it to believe that the records could not reveal a serious psychiatric condition."  He argues further that the trial court's conclusion that the records did not contain relevant and material information was speculative.  However, the defendant had the burden to establish that he was entitled to in camera review.  See Ainsworth, 151 N.H. at 694-95.

The defendant argues that the seven-year-old records could have provided relevant and material information regarding the effects of the victim's allegedly inconsistent use of her medication.  The defendant knew what medication the victim was taking, and he testified to her inconsistent use of it and the resulting effects.  However, the defendant did not demonstrate a basis to believe that the seven-year-old records contained any reference to the victim not taking her medications consistently or to any resulting effects.  See Hoag, 145 N.H. at 50.  Without such a basis to believe the records contain the information sought by the defendant, he was not entitled to an in camera review.  See id.

Accordingly, we conclude that the trial court's denial of the defendant's motion for in camera review was not untenable or unreasonable.  See Eaton, 162 N.H. at 193.

We next address whether the admission of the recording of the victim's 911 call violated Rule 403.  The trial court has discretion to admit evidence.  State v. Roy, 167 N.H. 276, 284 (2015).  In determining whether a ruling is a proper exercise of judicial discretion, we consider whether the record establishes an objective basis sufficient to sustain the discretionary decision made.  Id.  To show an unsustainable exercise of discretion, the defendant must demonstrate that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case.  Id.

Under Rule 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice."  N.H. R. Ev. 403.  Evidence is unfairly prejudicial if its primary purpose or effect is to appeal to a jury's sympathies, arouse its sense of horror, provoke its instinct to punish, or trigger other mainsprings of human action that may cause a jury to base its decision on something other than the established propositions in the case.  Roy, 167 N.H. at 285.  Unfair prejudice is not mere detriment to a defendant from the tendency of the evidence to prove guilt.  Id.  Rather, the prejudice required to predicate reversible error is an undue tendency to induce a decision against the defendant on some improper basis, commonly one that is emotionally charged.  Id.

4

The trial court is in the best position to gauge the prejudicial impact of particular evidence, and what steps, if any, are necessary to remedy that prejudice. Id. Thus, we give the trial court broad latitude when ruling on the admissibility of potentially unfairly prejudicial evidence. Id.

In this case, the fact that the victim called the police when the defendant returned to her home after the alleged assault had some probative value regarding whether she was the initial aggressor. Although the defendant is correct that the victim's "state of mind at the time of the 911 call was not at issue" (emphasis in original), it had some probative value as to her state of mind at the time of the incident, approximately 30 to 60 minutes earlier.

The defendant argues that "[t]he emotional nature of [the] 911 call created a danger that the call would arouse the jury's sense of horror and its instinct to punish." However, although the victim was crying during some of the call, stated that she was bruised, and asked the dispatcher to "please hurry," she did not describe the incident or make other statements the jury might have found horrifying. Cf. State v. Jordan, 148 N.H. 115, 116 (2002) (stating 911 caller described assault contemporaneously). Like the 911 caller in Jordan, the victim here was lucid and fairly calm, answering questions posed to her. See id. at 118. We disagree with the defendant that "[t]he emotionally charged nature of this recording goes well beyond what" was permissible in Jordan.

Furthermore, we note that at the hearing on his motion in limine, the defendant did not focus upon the prejudice arising from the recording, but upon the number of times that the State would be permitted to play it. To limit the danger of unfair prejudice, he requested that it not be played during the State's opening or closing, which the trial court ordered. Cf. id. at 118-19 (expressing concern that 911 recording was played three times during trial).

Accordingly, we conclude that the record establishes an objective basis sufficient to sustain the trial court's discretionary decision to admit the recording. See Roy, 167 N.H. at 284.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

5