# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0674, <u>State of New Hampshire v. Hector Rivera</u>, the court on December 19, 2019, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. After a jury trial in Superior Court (<u>Schulman</u>, J.), the defendant, Hector Rivera, was convicted on one count of aggravated felonious sexual assault, <u>see</u> RSA 632-A:2, I (2016), and one count of pattern aggravated felonious sexual assault, <u>see</u> RSA 632-A:2, III (2016). On appeal, the defendant argues that the trial court erred in: (1) denying his motion to produce the complainant's hospitalization records for <u>in camera</u> review; and (2) declining to release certain of the complainant's mental health counseling records following the trial court's <u>in camera</u> review. We affirm in part, vacate in part, and remand.

The details of this case need not be set forth; it is sufficient to state only those facts that pertain to the specific issues raised by the defendant on appeal. <u>See</u> <u>State v. King</u>, 162 N.H. 629, 630 (2011). Prior to trial, the trial court reviewed certain of the complainant's mental health records <u>in camera</u>. <u>See generally</u> <u>State v. Gagne</u>, 136 N.H. 101 (1992) (providing for <u>in camera</u> review of confidential records under certain circumstances). Following the trial court's review of the records — which, according to the State, had been voluntarily submitted by the complainant — the court determined that the records should be made available to the parties, and issued a sealed order to that effect. <u>See</u> <u>id</u>. at 104 ("[T]he trial court must permit defendants to use privileged material if such material is essential and reasonably necessary to permit counsel to adequately cross-examine for the purpose of showing unreliability and bias." (quotation and emphasis omitted)). Those records, pertaining to counseling the complainant received after reporting the charged offenses to police, revealed that the complainant had two prior contacts with mental health providers: a counseling center and a psychiatric hospital. Based on the information contained in the released records — as well as other evidence suggesting that the complainant had discussed the charged offenses with, and reported them to the police at the urging of, a mental health counselor — the defendant filed a motion seeking <u>in camera</u> review of the hospitalization and counseling records that are at issue in this appeal.

On May 24, 2018, the trial court granted the defendant's motion with respect to the counseling records, but denied it with respect to the

hospitalization records, concluding that "the defendant has not shown that the records from the complainant's hospitalization are likely to contain any non-cumulative information." On July 19, 2018, following its in camera review of the counseling records, the trial court declined to release the records to the parties, finding that, other than a brief reference to the charged offenses in the patient history checklist, which the trial court quoted in its sealed order, "[t]here is no other mention of sexual abuse and nothing else that is even arguably relevant or material [to] any issue in this case, including witness credibility." This appeal followed.

"We review the trial court's decision on the management of discovery under an unsustainable exercise of discretion standard. To prevail, the defendant must show the trial court's rulings were clearly untenable or unreasonable to the prejudice of his case." King, 162 N.H. at 631 (citations omitted). "[I]n order to trigger an in camera review of confidential or privileged records, the defendant must establish a reasonable probability that the records contain information that is material and relevant to his defense." Gagne, 136 N.H. at 105.

> This threshold showing is not unduly high. It requires only that a defendant meaningfully articulate how the information sought is relevant and material to his defense. To do so, he must present a plausible theory of relevance and materiality sufficient to justify review of the protected documents, but he is not required to prove that his theory is true. At a minimum, a defendant must present some specific concern, based on more than bare conjecture, that, in reasonable probability, will be explained by the information sought.

King, 162 N.H. at 632 (quotations and citations omitted).

With respect to the complainant's hospitalization records, we find this case highly analogous to King. See id. at 630-33. In King, the defendant requested, and the trial court reviewed in camera, certain of the complainant's medical and counseling records. Id. at 630-31. Following its review, the court made the records available to the parties. Id. Because the records revealed that the complainant suffered from Attention Deficit Disorder and Oppositional Defiant Disorder, had a tendency to "make up stories," and had previously made a false allegation of sexual assault, the defendant filed a motion seeking additional related medical and counseling records, arguing that they may provide further exculpatory information regarding the complainant's credibility. Id. at 631. The trial court denied the motion, finding that "the defendant failed to articulate how the requested medical records would be material to his defense." Id. On appeal, we held that the trial court erred, observing that "[t]he defendant presented specific arguments to carry his burden under Gagne," and concluding that the defendant's "theory that the ADD and ODD

2

medical and counseling records may contain additional information material and relevant to his defense is based on more than bare conjecture." Id. at 632 (quotation omitted). Moreover, we held that "the trial court erred in finding that 'in light of the voluminous records' already produced, the supplemental records were not material to the defendant's defense." Id. "Implicit in this finding was an assumption that the additional records would be cumulative or duplicative. Since neither the State nor the defendant had seen the information in the requested records, and the trial court had not reviewed them, the trial court's conclusion was speculative." Id.

Based on our review of the record and pleadings for this case, we find that, with respect to the complainant's hospitalization records, the defendant carried his burden under Gagne: the defendant observed that the records released by the trial court referenced the complainant's earlier hospitalization — which was proximate to the complainant's report of the charged offenses to police. The defendant also identified specific aspects of the complainant's mental health history, as well as possible treatments and statements made to providers, that could be contained in the hospitalization records, and which may bear on the complainant's credibility. Thus, the defendant established a reasonable probability, beyond bare conjecture, that the hospitalization records contain information that is material and relevant to his defense. See id. at 632; Gagne, 136 N.H. at 105. In concluding that "the defendant has not shown that the records from the complainant's hospitalization are likely to contain any non-cumulative information," the trial court erred. See King, 162 N.H. at 632. Accordingly, we agree with the defendant that the trial court unsustainably exercised its discretion in denying his motion to produce the hospitalization records for in camera review. See id. at 631.

On remand, the trial court should review the complainant's hospitalization records in camera, and determine whether they contain evidence that would have been "essential and reasonably necessary" to the defense at trial. Gagne, 136 N.H. at 104 (quotation omitted). If the hospitalization records do contain such evidence, the court should release the records containing that evidence to the parties and provide them with an opportunity to make arguments as to whether a new trial is warranted. See State v. Graham, 142 N.H. 357, 364 (1997) (stating that if records do contain evidence that would have been essential and reasonably necessary to the defense at trial, the trial court "should order a new trial unless it finds that the error of not admitting the evidence in the first trial was harmless beyond a reasonable doubt").

As to the second issue on appeal, we have reviewed the complainant's counseling records in camera, and find that they do not contain any information that would be "essential and reasonably necessary" to the defense at trial. Gagne, 136 N.H. at 104. Therefore, we conclude that the trial court

sustainably exercised its discretion when it declined to release the complainant's counseling records to the parties.  See King, 162 N.H. at 631.

Affirmed in part; vacated in part; and remanded.

HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Eileen Fox,**
**Clerk**