# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0220, <u>State of New Hampshire v. Jose Lantigua Burdier</u>, the court on May 8, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Jose Lantigua Burdier, appeals his convictions, following a jury trial, on three charges of aggravated felonious sexual assault, one charge of felonious sexual assault, and one charge of stalking. <u>See</u> RSA 632-A:2, :3 (2016); RSA 633:3-a, I(b) (2016). He argues that the Superior Court (<u>Brown</u>, J.) erred by admitting into evidence portions of the victim's videotaped forensic interview pursuant to New Hampshire Rule of Evidence 803(5).

The defendant was accused of engaging in several acts of sexual assault with the victim, a seven-year-old child, during a single episode. The stalking complaint alleged that the defendant placed the victim in fear for her safety when he later approached her on the street, hit her in the face, and made threatening gestures at her.

At trial, the victim, who was then eleven, testified regarding one of the charged assaults, but could not recall whether the defendant had touched her anywhere else on her body. After reading a summary of her interview, she agreed that there was "more stuff in that interview" than she was able to recall at trial; however, reading the summary on the witness stand did not refresh her recollection as to whether the defendant assaulted her in other ways. The victim testified that the defendant later approached her on the street, hit her in the face, and threatened that he would come to her bus stop if she told anyone about the assaults. However, she could not recall whether he engaged in other conduct during that confrontation, and reading a summary of her interview did not refresh her recollection. The trial court, finding that the victim could not recall the events well enough to testify fully and accurately at trial, allowed the State to introduce portions of the interview into evidence as a recorded recollection pursuant to Rule of Evidence 803(5).

We review a trial court's decision on the admissibility of evidence for an unsustainable exercise of discretion. <u>State v. Colbath</u>, 171 N.H. 626, 632 (2019). "For the defendant to prevail under this standard, he must demonstrate that the trial court's decision was clearly untenable or

unreasonable to the prejudice of his case." Id. (quotation omitted). We review the record to determine whether it establishes an objective basis sufficient to sustain the trial court's discretionary judgment. Id. Rule 803(5) provides that a recorded recollection is admissible as an exception to the hearsay rule when the record: "(A) is on a matter the witness once knew about but now cannot recall well enough to testify fully and accurately; (B) was made or adopted by the witness when the matter was fresh in the witness's memory; and (C) accurately reflects the witness's knowledge."

The defendant first argues that the State failed to establish grounds for admitting the interview because the prosecutor did not specifically ask the victim if she could recall the allegations articulated in the charging documents that she had not described in her testimony. Based upon the victim's testimony about her inability to recall the events beyond her initial description of them, and "[t]aking into consideration her age," the trial court found that the victim could not recall the events well enough to testify fully and accurately at trial. "As a preliminary factual predicate for admissibility, this finding was for the trial court to make." State v. Locke, 139 N.H. 741, 743 (1995). We conclude that the record is sufficient to support the court's finding.

The defendant next argues that the State failed to show that the interview took place at or near the time of the events, when the victim had a clear and accurate memory of them. The victim gave her forensic interview fifteen months after the assaults occurred. She described assaults not mentioned in her initial statement to the police on the day after they occurred, or in her statement the next day at the hospital. The trial court found that the events remained fresh in her memory when she gave the interview. The defendant argues that our decisions in Locke and Reid require a time period between the event and the recorded statement much shorter than fifteen months. However, in Locke, the timeliness of the interview was not an issue on appeal. See Locke, 139 N.H. at 743. In Reid, although we noted that the victim gave her videotaped interview fourteen days after disclosing the assaults to her mother, they began four months or more before the interview. See State v. Reid, 161 N.H. 569, 571 (2011). In this case, the matters involved several acts of sexual assault upon a seven-year-old victim during a single episode. We conclude that the record supports the trial court's finding that the events remained fresh in the victim's memory when she gave the interview. See State v. Colbath, 171 N.H. at 632.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2