# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0623, <u>State of New Hampshire v. Bruce Shanks</u>, the court on December 30, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Bruce Shanks, appeals his conviction by a jury of second-degree assault, <u>see</u> RSA 631:2 (Supp. 2019), criminal restraint, <u>see</u> RSA 633:2 (2016), and domestic violence, <u>see</u> RSA 631:2-b (Supp. 2019). He argues that the Superior Court (<u>McNamara</u>, J.) erred in denying his pretrial motion for <u>in camera</u> review of the victim's counseling records. He also argues that it was plain error for the trial court to convict him on a charge of criminal restraint, where the restraint was merely incidental to the second-degree assault and act of domestic violence.

The defendant first argues that the trial court erred in denying his motion for <u>in camera</u> review of the victim's counseling records. We review the court's decision to deny the defendant's motion for <u>in camera</u> review under our unsustainable exercise of discretion standard. <u>State v. Eaton</u>, 162 N.H. 190, 193 (2011). Under this standard, the defendant must show that the court's ruling was clearly untenable or unreasonable to the prejudice of his case. <u>State v. King</u>, 162 N.H. 629, 631 (2011).

Although the threshold necessary to trigger an <u>in camera</u> review is "not unduly high," <u>State v. Graham</u>, 142 N.H. 357, 363 (1997), the defendant must establish a "reasonable probability that the records contain information that is material and relevant to his defense," <u>Eaton</u>, 162 N.H. at 193 (quotation omitted). The defendant must "provide the court with a logical factual basis for his request, based on information independently obtained, that the information sought may yield relevant evidence." <u>State v. Ellsworth</u>, 142 N.H. 710, 714 (1998).

In his motion for <u>in camera</u> review, the defendant asserted that the victim falsely accused him of sexual assault in a moment of anger and jealousy. He also noted that the victim gave a different description of the events after arriving at the hospital than she gave to the officer who reported to the scene. The trial court found that the defendant provided no reasonable basis to "make the leap from his theory that the [victim] lied to the police about [the

defendant's] assaulting her because she was jealous, to the conclusion that there is reasonable probability that there is evidence in the [victim's] therapist's file that is relevant and material to his claim that [the victim] falsely accused him of sexually assaulting her."

On appeal, the defendant argues that "[i]t was reasonable to theorize that [the victim], while in a confidential setting with her therapist, made additional inconsistent statements about the incident, had a candid moment wherein she described why she lied about her consensual sexual encounter with [the defendant], or that she made the allegations influenced by anger and jealousy." The State counters that the defendant has not demonstrated that there was any realistic or substantial likelihood that the counseling records contained evidence helpful to his defense. We conclude that the defendant's theoretical supposition fails to demonstrate that the trial court's ruling constituted an unsustainable exercise of its discretion. See Eaton, 162 N.H. at 193.

The defendant next argues that it was plain error to convict him on a charge of criminal restraint, asserting that, under the "merger doctrine," the restraint was merely incidental to the second-degree assault and act of domestic violence. The plain error rule allows us to consider arguments the defendant did not raise in the trial court. State v. Woodbury, 172 N.H. 358, 362 (2019); Sup. Ct. R. 16-A. However, "[t]he rule is used sparingly and is limited to those circumstances in which a miscarriage of justice would otherwise result." Woodbury, 172 N.H. at 362-63. "To find plain error: (1) there must be an error; (2) the error must be plain; (3) the error must affect substantial rights; and (4) the error must seriously affect the fairness, integrity or public reputation of judicial proceedings." State v. Noucas, 165 N.H. 146, 160 (2013) (quotation omitted). The defendant bears the burden of demonstrating plain error. State v. Fiske, 170 N.H. 279, 291 (2017).

Although the defendant argues that this court adopted the merger doctrine for "restraint offense" in State v. Brooks, 164 N.H. 272, 294 (2012), that case involved a kidnapping conviction. We held that a "kidnapping conviction cannot rest on 'unlawful confinements or movements incidental to the commission of other felonies.'" Id. We have never extended this rationale to the offense of criminal restraint. "'Plain' as used in the plain error rule is synonymous with clear or, equivalently, obvious." State v. Ortiz, 162 N.H. 585, 591 (2011) (quotation omitted). "When the law is not clear at the time of trial and remains unsettled at the time of appeal, a decision by the trial court cannot be plain error." Id. (quotation omitted). Therefore, even assuming, without deciding, that there was error in this case, the error cannot be plain. Moreover, the defendant's argument is based upon his claim that the jury found, consistent with his expert's testimony, that he broke the victim's wrist while restraining her on the couch. However, the jury was not required to accept the expert's testimony, see State v. Thomas, 154 N.H. 189, 193 (2006), and could have reasonably concluded that the defendant broke the victim's

2

wrist by slamming the door on it.  Accordingly, we find no plain error.  <u>See</u> <u>Fiske</u>, 170 N.H. at 291.

<u>Affirmed</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**
