# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0178, <u>State of New Hampshire v. Joseph Gorman</u>, the court on October 24, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). After a jury trial in Superior Court (<u>Nicolosi</u>, J.), the defendant, Joseph Gorman, was convicted on three counts of aggravated felonious sexual assault. <u>See</u> RSA 632-A:2, I(b) (2016). On appeal, the defendant argues that the trial court erred when it denied his motion for <u>in camera</u> review of the mental health counseling records of the victim. We remand for a review of the records <u>in camera</u>.

We need state only those facts relevant to the narrow issue raised by the defendant on appeal. <u>See</u> <u>State v. King</u>, 162 N.H. 629, 630 (2011). The defendant was indicted by a grand jury on three counts of aggravated felonious sexual assault, all of which were alleged to have occurred on or about July 22, 2020, on the theory that the victim was physically helpless to resist due to intoxication. Prior to trial, the defendant filed a motion for <u>in camera</u> review of the victim's confidential counseling records.

The defendant's motion stated that on August 17, 2020, during a recorded interview, the victim disclosed to a detective that she had confronted the defendant about the alleged assault and recorded their conversation. The detective reviewed the recording, in which the victim told the defendant that if he turned himself in, "it would help her not to having to go through these things, and not having to deal with it in therapy because she already has enough PTSD to work through." The defendant's motion also stated that roughly a year later, on August 9, 2021, a New Hampshire Public Defender investigator reached out to the victim to discuss the case and spoke with her sister, who informed her that the victim had been hospitalized. It is unclear whether the hospitalization was related to the victim's mental or physical health.

The defendant argued in his motion that the trial court should "order the State to produce for <u>in camera</u> review" by the court the records from the counseling practice the victim attends because there is a reasonable probability that the records would "contain information that is relevant and helpful to the defense." <u>See</u> <u>State v. Gagne</u>, 136 N.H. 101, 105 (1992) (stating that to obtain

in camera review, a defendant must establish a reasonable probability that records contain information that is material and relevant to his defense). The defendant asserted in the motion that his defense at trial would be that the allegations against him are not true, and that the jury would look to the defense to provide all rational reasons and information regarding why the jury should not find the victim credible. The trial court denied the motion stating, "Simply because an alleged victim is in counseling and may have discussed the allegations with a counselor does not give[] rise to a probability that the information may be helpful to the defense to meet the [Gagne] standard."

Each of the indictments in this case alleged that on or about July 22, 2020, the defendant knowingly engaged in the sexual penetration of the victim when she was physically helpless to resist. The primary issue contested at the trial, held over the course of three days in March 2022, was whether the victim and the defendant engaged in consensual sex on or about July 22, 2020. The defendant was convicted, and this appeal followed.

The defendant argues on appeal that his due process rights under both the State and Federal Constitutions were violated when the trial court applied a "demanding" standard and denied his motion. We first address the defendant's claim under the State Constitution. State v. Ball, 134 N.H. 226, 231-33 (1983). Because the defendant prevails under the State Constitution, we need not analyze his argument under the Federal Constitution. See State v. Hoag, 145 N.H. 47, 48 (2000).

As the defendant accurately states in his brief, the trial court cannot, consistent with the due process clauses of the State and Federal Constitutions, simply bar access to a victim's confidential counseling records under all circumstances. N.H. CONST. pt. I, art. 15; U.S. CONST. amend. V, XIV. "[T]o determine whether the psychotherapist-patient privilege must cede to due process considerations such that the privileged records must be disclosed to a criminal defendant, the trial court must balance the confidentiality of such records against the defendant's right to obtain evidence helpful to his defense." State v. Girard, 173 N.H. 619, 627 (2020). Our case law establishes a procedure designed to balance the right to privacy in one's counseling records against a defendant's due process rights. As we noted in Girard, a defendant's request to obtain privileged records raises two distinct issues. Id. The first is what standard must be met to obtain in camera review of the privileged material. Id. The second is what standard must be met for the defendant to obtain access to the records. Id. At issue in this appeal is whether the defendant met the standard that requires a trial judge to conduct in camera review of the documents in order to determine whether the confidential material must be disclosed to the defense.

In Gagne, 136 N.H. at 105, we held that to obtain in camera review, "the defendant must establish a reasonable probability that the records contain

2

information that is material and relevant to his defense." This threshold showing is not high, because if the bar were set too high, "we risk depriving the defendant of his constitutional right to due process." State v. Graham, 142 N.H. 357, 363 (1997). "In contrast, the harm done by disclosing the information to the trial court in the first instance is minimal." Id. Accordingly, the threshold showing requires only that a defendant meaningfully articulate how the information sought is relevant and material to his defense. To do so, he must present a plausible theory of relevance and materiality sufficient to justify review of the protected documents, but he is not required to prove that his theory is true. At a minimum, a defendant must present some specific concern, based on more than bare conjecture, that, in reasonable probability, will be explained by the information sought. King, 162 N.H. at 632 (quotation and citation omitted).

We conclude that the defendant has met the Gagne standard as a matter of law with respect to the victim's counseling records. This conclusion is supported by our decisions in State v. Hoag, 145 N.H. 47 (2000), and State v. Eaton, 162 N.H. 190 (2011). The defendants in both Hoag and Eaton sought access to counseling records, to the extent that any existed. Hoag, 145 N.H. at 49-50; Eaton, 162 N.H. at 194-95. In both cases, we concluded that the assertions made by the defendants were sufficient to trigger in camera review because, given the facts in each case, the defendants reasonably believed that the victims were in counseling, and that this counseling concerned each defendant's alleged conduct. Hoag, 145 N.H. at 49-50; Eaton, 162 N.H. at 194-95. Similarly, the assertions set forth in the defendant's motion in this case establish that the defendant reasonably believed that the victim was in counseling, and that this counseling concerned his alleged conduct.

According to the defendant's motion, the victim told the defendant in a recorded conversation on August 17, 2020, within weeks of the alleged July 22, 2020 assault, that if he turned himself in, "it would help her not to having to go through these things, and not having to deal with it in therapy because she already has enough PTSD to work through." Also, according to the motion, "[t]here is information that [the victim] was engaged in counseling prior to this alleged incident." The victim's statement to the defendant strongly implied that she was in counseling and that she felt a need to discuss the allegations against the defendant as a part of her therapy. Accordingly, we conclude that the trial court erred when it refused to conduct an in camera review of the victim's counseling records.

The State cites a number of our decisions to support the statement that "simply asserting a reasonable basis for believing that a sexual assault victim is in counseling and may have discussed pending allegations of sexual assault in therapy does not, without more, meet the Gagne standard to trigger in camera review." (Emphasis added.) See State v. Sargeant, 148 N.H. 571, 574 (2002); State v. Ellsworth, 142 N.H. 710, 713-15 (1998); State v. Locke, 139

3

N.H. 741, 744 (1995); State v. Taylor, 139 N.H. 96, 98 (1994). While each of these cases supports the statement, each is factually distinguishable from this case. The defendant's motion established more than that the victim may have spoken about the assault. The motion quoted a statement made by the victim herself within weeks of the alleged assault urging the defendant to "turn[] himself in" and strongly suggesting that she was "in therapy" and dealing with PTSD. The timing, in conjunction with these two statements, suggests not merely that the victim "may" have been discussing her accusations against the defendant in therapy, but that there was a reasonable probability that she was.

On remand, the trial court should direct the appropriate treatment providers to provide the victim's counseling records for in camera review. The trial court should then review the confidential records in accordance with the standard set forth in Girard. If the trial court concludes that the records do contain evidence that should have been disclosed to the defense, the court may release that evidence to the parties with any necessary protective order, taking into account the victim's rights under Part I, Article 2-b of the New Hampshire Constitution and RSA 21-M:8-K (Supp. 2022), if any. In addition, following the review of the counseling records, the trial court should consider whether there is a reasonable probability that the victim's hospitalization records contain information that is material and relevant to the defense. If the court concludes that there is such a reasonable probability, it should direct the treatment providers at the hospital to provide the victim's records for in camera review. If the trial court concludes that the records do contain evidence that should have been disclosed to the defense, the court may release that evidence to the parties with any necessary protective order, taking into account the victim's rights under Part I, Article 2-b of the New Hampshire Constitution and RSA 21-M:8-K, if any. If the court releases any evidence to the parties, the court should then provide the parties with an opportunity to make arguments as to whether a new trial is warranted. Cf. Graham, 142 N.H. at 364 (if records contain evidence that should have been disclosed, the trial court "should order a new trial unless it finds that the error of not admitting the evidence in the first trial was harmless beyond a reasonable doubt").

Remanded.

MACDONALD, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**